The State v. Welsh.

AFFIRMED.

---

## THE STATE v. WELSH.

1. **Criminal Law:** INSTRUCTIONS AS TO LOWER GRADES OF THE OFFENSE. On a trial for an assault with intent to commit great bodily injury, the court instructed the jury that they might find the defendant guilty of the crime charged, or of a simple assault. He was found guilty as charged. The evidence showed that if he was guilty at all, his crime was not less than an assault and battery. *Held* that it was reversible error for the court to neglect to instruct the jury that they might find the defendant guilty of that offense. (See opinion for cases cited.)

*Appeal from Winneshiek District Court.*

MONDAY, OCTOBER 24.

THE defendant was indicted, tried, and convicted of the crime of assault with intent to inflict a great bodily injury. He appeals.

*L. Bullis,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

ROTHROCK, J.—One of the instructions given by the court

to the jury was as follows: "The crime charged includes a simple assault, and it will be your duty to say whether the defendant was guilty or not, and, if guilty, whether his crime is an assault with intent to inflict great bodily injury, or simple assault." The defendant complains of this instruction, and others given by the court, because they were not directed that the crime charged included assault and battery. The indictment charges that the defendant made an assault upon one Goetz, and beat and bruised him, and inflicted a great bodily injury upon him. The evidence shows that, if the defendant was guilty of any crime, it was, to say the least, an assault and battery. That being the state of the proof, the jury should have been instructed as to such lower degree of the crime charged. *State v. Walters*, 45 Iowa, 390; *State v. Clemons*, 51 Id., 279; *State v. Glynden*, Id., 463; *State v. Kegan*, 62 Id., 106.

The counsel for the state contends that the omission to instruct the jury on the crime of assault and battery was no prejudice to the defendant, because such offense and a simple assault are of the same grade, with the same penalty attached. We do not think this position can be sustained. It is true, the court might, under the law, inflict the same punishment for said offenses. But the jury might have thought it proper, under the evidence, to find a verdict for the crime of assault and battery, rather than for the higher crime charged in the indictment.　　REVERSED.