STATE OF IOWA v. JOHN HAMIL, Appellant.

**REFUSAL TO CHANGE VENUE SUSTAINED.**

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge.

FRIDAY, DECEMBER 13, 1895.

The defendant was indicted, tried, and convicted of the crime of murder in the first degree, and he appeals.—*Affirmed.*

*E. B. Evans* for appellant.

*Milton Remley,* attorney general, *Jesse A. Miller,* and *J. J. Davis* for the state.

Rothrock, J.—The defendant was jointly indicted with George Weems for the murder of L. B. Ridpath. They were separately tried, at the same term of court. Weems was tried and convicted first, and the trial of Hamil occurred immediately afterward. Weems appealed, and the judgment and sentence against him were affirmed at the present term of this court. *State v. Weems,* 96 Iowa, 426 (65 N. W. Rep. 387). Nearly all of the questions in this appeal are disposed of in the opinion in the appeal of Weems. The two cases have been considered together, and it will be necessary only to dispose of such questions in this case as did not arise in the other.

After the joint application for a change of venue was overruled, Hamil renewed the motion, and filed some additional affidavits. The motion was again overruled. Another motion for a change of venue was made, pending the impaneling of the jury. There were no additional affidavits filed in support of this last motion. The defendant also filed an affidavit that the judge before whom the case was tried was prejudiced against him. We have examined all these proceedings, and they appear to us to present no stronger showing than that made on the joint application for a change, the overruling of which we have sustained in the other appeal. They show that the newspapers of the city, in reporting the Weems trial then in progress, published articles condemning the murder and the murderers in about the same manner as they did before the trial commenced, and the claim was made that the public trial of Weems prejudiced persons who were called to sit upon the jury in the trial of Hamil. We think all this contention should be disposed of by the single consideration that the actual record as made on the impaneling of the jury shows that the court did not err in rulings on challenges to jurors, and in determining that the jurors had not formed such opinions as would preclude them from rendering a just and impartial verdict, upon the evidence and the law as given to them by the court.

Objection is made to part of the charge of the court to the jury. The instructions complained of were given on the trial of Weems, and the same objections were made in that case. We do not think it necessary to give them further consideration than we have in the other case. Such as are not specially mentioned in the opinion in that appeal do not appear to us to have sufficient merit to require discussion. The same may be said of other questions presented on this appeal. The judgment of the district court is *affirmed*.