### STATE OF IOWA v. JAMES McDONOUGH, Appellant.

**Rape:** MENTAL CAPACITY: *Evidence.* It was competent to show the appearance, condition, and actions of the prosecutrix at and for some time prior to the time of the commission of the offense, to prove mental capacity, by non-expert witnesses.

SAME: *Plea and proof.* Evidence of the mental weakness of the prosecutrix was admissible as bearing on the question of consent, though it was not alleged in the indictment that she was feeble minded.

INCLUDED OFFENSES. Assault with the intent to inflict great bodily injury is not necessarily included in a charge of rape, and the court need not instruct respecting it.

S*ame.* It was not necessary to instruct respecting a simple assault, where the evidence showed that, if defendant was guilty of an assault, he also committed a battery.

SAME. The court in a trial for rape need not instruct, the defendant may be found guilty of a simple assault, although evidence of such an assault, made by the defendant upon the prosecutrix after he was placed under arrest, was given, where he was not

tried for that offense, but for an assault included in the crime charged.

**Evidence:** TIMELY OBJECTION. A motion to strike out certain evidence as irrelevant and immaterial, was correctly overruled, where no objection was lodged against such evidence until after it was fully adduced, and where it constituted a part of the history of the crime charged.

EVIDENCE: *Reputation.* In a prosecution for rape the character of the prosecutrix may be proved by evidence of general reputation, but testimony as to particular acts or specific facts is not admissible.

*Same.* In a trial for rape, testimony offered to show certain acts of the prosecutrix in wrestling with persons other than the defendant in an unbecoming manner, is inadmissible when it is not shown that such improper conduct occurred before the commission of the alleged offense, and as being evidence of specific acts.

HARMLESS ERROR. In a trial for rape where the prosecutrix was enticed from a dance hall by one of the defendants and taken to a stone quarry, where drunken men were carousing, by several of whom she was ravished, evidence of the presence of such defendant and the complaining witness at the dance hall and as to what occurred at the quarry prior to their arrival there, is not prejudicial to the defendant on the trial, when the jury were instructed not to consider any acts or statements of other defendants not made in the presence and hearing of the accused.

**Change of Venue.** A change of venue need not be granted in a trial for rape, by reason of sensational newspaper articles in reference to the crime, which allege that the organization of a vigilance committee is seriously contemplated, and that it might take a hand in the proceedings if the preliminary trial is unduly prolonged, when no feeling against the defendant pervades the county, although some exists in the vicinity where the crime was committed.

**Continuance.** A motion made by defendant, in a trial for rape, for a continuance, based upon the absence of two witnesses, will not be granted where no excuse is made for the delay in making the application, nor any facts constituting diligence in endeavoring to procure the attendance of the witnesses set forth, and when most of the facts expected to be proved by them are immaterial and irrelevant.

*Appeal from Johnson District Court.*—HON. P. B. WOLFE, Judge.

WEDNESDAY, DECEMBER 15, 1897.

THE defendant, with four other persons, was indicted for the crime of rape. He demanded and was granted a separate trial, resulting in a verdict of guilty of an assault with intent to commit rape, and from the sentence imposed appeals.—*Affirmed.*

*Cash & Coldren* for appellant.

*Milton Remley,* attorney general, for the state.

DEEMER, J.—In the early evening of August 25, 1896, Emma Gromas, a feeble-minded unmarried woman, was induced by one McGuan to leave a dance hall in Iowa City, and go with him to an old stone quarry, across the Iowa river, and west from Iowa City, where they met some men who had been there all the previous night, indulging their thirst for beer, and making night hideous with their ribaldry and song. The woman claims that she was ravished while there by at least four of these men, and in this she is corroborated by other witnesses. The state introduced evidence to show that the defendant was one of the men who committed the crime.

When the case came on for trial, the defendant filed a motion for a continuance, based upon the absence of two witnesses, who, it was claimed, would testify to certain acts of unchastity on the part of the prosecutrix prior to the time the offense is said to have been committed. The motion was not filed until the day the case was reached for trial, and it did not state any facts excusing the delay in making the application; nor did it set forth any facts constituting diligence in endeavoring to procure the attendance of

these witnesses. Moreover, most of the facts that defendant expected to prove by these witnesses were immaterial and irrelevant. In prosecutions for rape, the character of the prosccutrix must be proven by evidence of general reputation. Particular acts or specific facts are not admissible. See cases cited in 5 Am. & Eng. Enc. Law (2d ed.) p. 878; 1 McClain, Criminal Law, section 460. For these reasons the motion was properly overruled.

II.    The men were discovered in their bestiality early in the morning, and a posse was organized in Iowa City to accomplish their arrest. This posse went to the scene of the disorder, and, after some difficulty, succeeded in arresting all but two of the crowd. In endeavoring to land them in jail, one of the prisoners was killed by the deputy sheriff. The discovery of the crime and the killing of one of the prisoners necessarily led to considerable newspaper comment and quite a little excitement among the people of Iowa City. When the case was called for trial, the defendant filed a motion for change of place of trial. This motion was supported by affidavits of three disinterested persons, and to it were attached some of the newspaper articles written near the time of the commission of the offense. The state also filed affidavits in resistance. The affiants to the motion were cross-examined upon their affidavits, and, after fully considering the matter, the trial court overruled the motion, remarking at the time: "The order asking for a production of witnesses, and the affidavit filed by the county attorney in resistance to the motion for a change of venue, is by the court refused, for the reason that it is apparent to the court from the trial of same issues in the case tried agai ist one of these defendants, and from the. examination made of these defendants, that no such prejudice exists in this county as would justify

the court in granting the change of venue, as the court takes notice of the fact of a case involving this same question, in this same indictment, and one of the same parties defendant, was tried in the court, and the jury examined in that case. That coupled with the affidavits filed in resistance to the motion and the affidavit filed for the change of venue, and the examination of these parties who made the affidavit for the change of venue, satisfies the court that there is no ground which would warrant him in granting a change of venue in this case, or wasting time in examining all those who are required on the examination. Therefore the motion for change of venue is refused." Consideration of the cross-examination of the affiants who made oath to the motion for a change of venue convinces us that there was no such prejudice against this defendant in Johnson county as interfered with his having a fair trial. There was some feeling against all the defendants in and around Iowa City, but it did not pervade any other part of the county. Generally speaking the newspaper articles contained nothing more than a somewhat sensational statement of the facts as the reporter gleaned them at the time. In one of the articles it is said that the organization of a vigilance committee is seriously contemplated by the decent element of both town and county, with a view to dissipating a reign of crime, which the writer said prevailed in the county at the time. The article further said that threats were made that, if pettifogging were adopted to prolong the preliminary trial, this committee might take a hand in the proceedings, and make a final disposition of the matter. The showing is not nearly as strong as in the cases of *State v. Weems*, 96 Iowa, 426, and *State v. Hamil*, 96 Iowa, 728, wherein like motions were overruled; and we are fully satisfied that the trial court did not abuse its discretion in overruling the motion.

III.   The court permitted the state to show what was done at the stone quarry on the day and night before the crime is said to have been committed, and also allowed in evidence certain statements with reference to the presence of McGuan and the prosecuting witness at the dance hall in Iowa City on the evening of August 24.   After the evidence was adduced, defendant's counsel moved to strike it out, because of irrelevancy and immateriality. The motion was overruled, and we think the ruling was correct.   No objection was lodged against the evidence until it was fully adduced.   Defendant appeared to be willing to take his chances on the evidence being against him, and he cannot, after it is admitted without objection, be heard to complain.   Again, the court said, in its instructions to the jury, that they should not consider any statements or actions of the other defendants not in the immediate presence and hearing of this defendant.   Moreover, it does not appear with certainty when the defendant joined the crowd at the stone quarry.   Nearly all of them had gone there on the twenty-fourth, with beer and provisions, evidently to make a night of it; and the preparations made by them immediately preceding the commission of the offense were a part of the history of the crime.   The same may be said with reference to the evidence as to the presence of McGuan and the prosecuting witness at the dance hall on the evening of the twenty-fourth.

IV.   Witnesses were allowed to testify as to the appearance, condition, and actions of the prosecutrix at the time of the crime, and for some time prior to the commission of the offense, for the purpose of showing that a crime had been committed upon her, and that she was in fact feeble-minded.   Two objections were lodged against this evidence:   *First*, it is said it is incompetent, because it came from non-

expert witnesses; and, *second,* because it is not alleged in the indictment that the prosecutrix was feeble-minded. There is no merit in either objection. Evidence as to the conduct and condition of the prosecutrix, when material, may be shown by non-expert witnesses. *State v. Shelton,* 64 Iowa, 333; *Pelamourges v. Clark,* 9 Iowa, 1; *Parsons v. Parsons,* 66 Iowa, 754; Rogers, Expert Testimony (2d ed.), section 4. Proof of the prosecutrix's strength or condition of mind is admissible without an allegation in the indictment that she was feeble-minded. Evidence of mental capacity is admissible as bearing upon the question of consent, although the indictment was not framed under the provisions of section 3863 of the Code of 1873. *State v. Philpot,* 97 Iowa, 365; *State v. Tarr,* 28 Iowa, 397; *State v. Atherton,* 50 Iowa, 189.

V. Defendant offered to show certain acts of the prosecutrix in wrestling with persons other than defendant in an unbecoming manner. The evidence was properly rejected, because specific acts are not admissible (see authorities heretofore cited), and for the further reason that it does not appear that it was before the commission of the alleged offense.

VI. The court did not instruct that the defendant might be found guilty of an assault with intent to inflict a great bodily injury, or of a simple assault. The former offense is not necessarily included in a charge of rape, and the court need not instruct with reference to it. *State v. McDevitt,* 69 Iowa, 549. While both an assault and an assault and battery are included in the charge, yet the evidence in this case shows that, if defendant was guilty of an assault, he also committed a battery, and there was therefore

no error in the charge.     *State v. Sigg*, 86 Iowa, 746;
*State v. Beabout*, 100 Iowa, 155. There was,
it is true, some evidence which tended to show
a simple assault made by the defendant upon the
prosecutrix after he was placed under arrest; but he
was not on trial for this offense. It was for an assault
included in the crime charged that he was upon trial.
The state asked for no conviction for the subsequent
assault, and the evidence was brought out as an inci-
dent of the arrest, and not as substantive proof of the
commission of a crime.

We have gone over this entire record with care,
and discover no prejudicial errors. There is no ques-
tion in our minds of the defendant's guilt, and the judg-
ment is AFFIRMED.