## STATE OF IOWA V. PATRICK REILLY, Appellant.

**Seduction:** LAW OF THE CASE. A conviction of the crime of seduction will not be sustained, when the court instructed the jury that the case rested entirely on an alleged promise of marriage, and that if the prosecutrix assented to the intercourse upon the defendant's promise to marry her should pregnancy result therefrom, they should find for the defendant, where the testimony of the prosecutrix was that the promise of marriage was conditioned upon her getting in a family way.

**Evidence:** RESERVED RULING: *Appeal.* Where defendant moved to strike out an answer of a witness, and the trial court reserved its ruling, and the matter was not again called to its attention, defendant cannot complain, as there was neither a ruling nor an exception.

STRIKING OUT: *Curing error.* In a prosecution for seduction, a certain witness testified that the neighbors, three strange ladies, prosecutrix and a lady named O, had told her that prosecutrix and defendant were engaged to be married. Thereafter the court struck out the evidence of said witness as to what the neighbors said, and charged that all evidence of other witnesses as to talk among neighbors about such engagement was withdrawn. *Held*, that the statements of the three strange ladies, the prosecutrix, and O, were not withdrawn, and the error of their admission was not cured.

HARMLESS ERROR. A defendant accused of seduction cannot complain of a refusal to permit the prosecutrix to answer, on cross examination, whether she ever thought, from his words and conduct prior to her alleged seduction, that he desired to have connection with her, where he was permitted to inquire of her what his object and purpose were in going with her.

*Same.* In a prosecution for seduction, the error of permitting prosecutrix's doctor to testify that the prosecutrix had stated that she was unmarried was cured by prosecutrix's testimony to that effect.

*Appeal from Dubuque District Court.*—HON. FRED O'DONNELL, Judge.

WEDNESDAY, DECEMBER 15, 1897.

DEFENDANT was indicted, tried, and convicted of the crime of seduction, and from the sentence imposed appeals.—*Reversed.*

*Horatio B. Smith* and *George T. Lyon* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

DEEMER, J.—The prosecuting witness testified that she was induced to surrender her virtue by reason of a promise of marriage, and, in response to a question, said that she had told her friends that she intended to marry defendant. Defendant moved to strike out this answer. The trial court reserved its ruling, and it does not appear that the matter was again called to its attention. As there was neither ruling nor exception, the defendant cannot complain.

II. Counsel, upon cross-examination, asked the prosecuting witness whether she had ever thought, from the conduct of defendant, and from what he had

said to her prior to her alleged seduction, that he desired to have connection with her. Objection to this question was sustained, but the court said that counsel might show, if they could, what defendant's object and purpose was in going with her. This they attempted to do by further interrogatories, and we see no ground for complaint.

III. A doctor who made an examination of the prosecutrix was permitted to testify that she (the prosecutrix) said to her (the doctor) that she was unmarried. The error, if any, in this, was cured by subsequent evidence from the woman herself that she was unmarried.

IV. A witness was permitted to state, over the defendant's objection, that the neighbors and three certain strange young ladies told her that they had heard that the prosecutrix was engaged to marry the defendant. This same witness testified, over defendant's objection, that the prosecutrix and a lady by the name of Oster had both told her that defendant and the prosecutrix were to be married. These rulings were clearly erroneous. Thereafter the court struck out the evidence as to what the neighbors said, and also instructed the jury that the evidence of this witness as to what neighbors had said, and all the evidence of other witnesses as to reputation, or talk or absence of talk, among neighbors of the parties, as to their being engaged, was withdrawn from their consideration, and should not be considered for any purpose. It will be noticed that the statements made by the witness as to what the three strange ladies, the prosecutrix, and Miss Oster said about the matter were not withdrawn; and the error in allowing this evidence to stand was not cured by instructions or otherwise. Some other rulings on the admission and rejection of evidence are questioned. None of them are of sufficient

importance to demand separate consideration, and we dismiss them with the statement that we see no error.

V. Certain of the instructions are assailed. Without setting them out, it is sufficient to say that we discover no error prejudicial to the defendant.

VI. The court instructed that the case rested entirely upon an alleged promise of marriage, and that, if the prosecutrix assented to the intercourse upon the promise of the defendant to marry her should pregnancy result therefrom, then the verdict should be, Not guilty. These instructions constituted the law of the case, and, whether right or wrong, it was the duty of the jury to follow them. We find, on looking to the evidence, that while the prosecutrix testified that she yielded her virtue because of a promise of marriage, yet she said that this promise was a conditional one, to the 'effect that he (defendant) would marry her if she would let him have intercourse with her and he got her in a family way. The condition was a part of the promise, according to her own evidence; and the jury should have found the defendant not guilty, under the instructions referred to. For the errors pointed out, the judgment is REVERSED.