STATE OF IOWA v. GEORGE STEFFENS, Appellant

**Rape:** EVIDENCE OF CHILD: *Dictation by parent.* In a prosecution for raping a child, she stated on cross-examination that her mother had told her to say everything that defendant had done to her, and that she had not told on the previous day what he had done to her, because her mother had not told her to. *Held,* not to justfy a motion to strike her evidence as being what her mother told her, as it merely showed that she instructed her to make a full disclosure of what happened.

CORROBORATION. In a prosecution for raping a child, evidence that she was sick for several days was proper, as tending to confirm her account of having been abused, though it was shown she was afflicted with other ailments.

**Instructions:** SHOULD BE CONSTRUED TOGETHER. Error cannot be predicated on the ambiguity of an instruction which would be misleading if misunderstood, where it was immediately followed by others clearly and fully stating the law to which it referred.

INCLUDED OFFENSES: *Simple assault in rape.* In a prosecution for rape, there was no error in the omission of simple assault in an instruction naming the included offenses, where the evidence was such that the jury could not have found defendant guilty of an assault without finding him guilty of an assault and battery.

STATUTE OF LIMITATIONS: *Harmless error.* In stating what was necessary to convict, the court's omission to mention that the offense must have been committed within eighteen months prior to an indictment, was without prejudice to defendant where there was no evidence that the crime was committed at any other time than the eighth day of the month preceding the month of trial.

INSTRUCTIONS AND EVIDENCE: *Intoxication.* Defendant in a prosecution for rape testified on his direct examination that he had drunk two pints of whisky at the time in question, and might

have had two glasses of beer, and that he had fallen asleep, and, "was a little full." *Held*, sufficient to warrant an instruction that, if intoxicated, he could not be convicted of assault to commit rape.

SENTENCE REDUCED. Defendant who was convicted of raping a child, was a sailor 38 years of age. No particular violence accompanied his offense, submission having been induced by a gift. He was somewhat under the influence of liquor, and the penetration, if effected at all, was but slight. *Held*, that a life sentence should be reduced to fifteen years.

*Appeal from Scott District Court.*—HON. JAMES W. BOLLINGER, Judge.

WEDNESDAY, APRIL 9, 1902.

THE defendant, having been accused and convicted of the crime of rape appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the state.

LADD, C. J.—The child, eight years old, testified as a witness, and, when first on the stand, went no farther than to say that the accused opened her drawers and his trousers, and got on top of her. Afterwards she was recalled, and stated, in substance, that he had put his penis into her. On cross-examination she testified that her mother had told her shortly before to say this, and was then asked: "Q. What did she tell you to say? A. Everything that he done to me. Q. She told you to tell that? A. Yes, sir. * * * Q. Why didn't you tell us yesterday afternoon what this man did? Was it because your mother did not tell you to? A. Yes, sir." Thereupon defendant moved to strike the evidence, as being what her mother told her to say, rather than the truth. This was properly overruled, as it does not appear the mother

put words into the child's mouth, but merely instructed her to make full disclosure of what had happened.

II.   The pictures of the barn where the offense was committed were sufficiently identified as accurate by those familiar with the premises. and the evidence of penetration was ample for conviction.   Evidence that the child was sick for several days was proper, as tending to confirm her account of having been abused.   Proof that she may have been afflicted with other ailments might affect the weight of such evidence, but did not require its rejection.

III.   In stating what was necessary in order to convict, the court omitted to mention that the offense must have been committed within 18 months previous to the finding of the indictment.   The trial occurred October 16, 1900, and no evidence was offered tending to show that the crime was committed at any other time than September 8th of the same year.   The jury must have found it to have been perpetrated then, if at all.   The omission was without the slightest prejudice to the defendant.

IV.   The fault found with instructions 8, $9\frac{1}{2}$ and 10 is hypercritical, and demands no attention.   The fourteenth instruction named the offenses included in rape, except that of simple assault.   The evidence was such that the jury could not have found defendant guilty of an assault, without also finding him guilty of an assault and battery.   There was no error, then, in the omission. *State v. Sigg,* 86 Iowa, 746.   The last sentence of this instruction reads:   "If there is a reasonable doubt of the degree of the offense of which the defendant is proven guilty, he shall only be convicted of the lower degree in relation to which the doubt arises."   Can the last clause be understood to refer to the degree or to the offense?   No doubt, the former was intended.   But no time need be wasted in deciding this as, in the paragraphs of the charge immediately following, the law with respect to the

*quantum* of proof required is clearly and fully stated, as applied to rape and each of the included offenses. In this situation the jury could not have been mislead by the language quoted. In the seventeenth instruction, the jury was told, in substance, that, if defendant was so intoxicated as not to be able to form an intent, he could not be convicted of an assault with intent to. commit rape, but that this would furnish no defense for the crime of rape. Without questioning the correctness of the rule announced, as an abstract proposition of law, appellant insists there was no evidence of intoxication. But he furnished it when he testified that he had drank two pints of whiskey, and might have had two glasses of beer; that he had fallen asleep in the alley near the barn, and "was a little full." This testimony was brought out on direct examination, and, notwithstanding his statement on the stand that he knew what he was doing, warranted the giving of the instruction. Having injected the issue into the case, he has no ground for complaint on the score of its submission to the jury.

V. The appellant is 38 years old, and has been a. sailor most of his life. No particular violence accompanied the commission of the offense; submission of the child having been induced by the gift of a dollar, which was subsequently taken from her. Penetration, if effected at all, was but slight. He was undoubtedly somewhat under the influence of liquor. The penalty pronounced against him by the district court was imprisonment for life. The crime was revolting, but there are grades in the enormity of such offenses, even. Those of greater aggravation have been committed, and doubtless will be in the future. Only in the most aggravated cases should the extreme penalty of the law be imposed. We are inclined to think an imprisonment in the pentitentiary for a term of 15 years will answer

the just purposes of punishment, and reasonably atone to society for the outrage committed, in so far as possible. With this modification the judgment will be AFFIRMED.