THE STATE OF IOWA v. W. H. BARKLEY, Appellant.

**Rape:** CONVICTION FOR INCLUDED OFFENSE.  Where defendant was indicted for rape and the evidence was such that the jury might have found him guilty of that offense, he cannot complain of a verdict for assault with intent to rape.

**Submission of included offenses.**  Assault and battery is included in the charge of rape, and where the evidence was such that defendant might have been convicted of that offense, it was prejudicial error not to submit the issue of his guilt of assault and battery.

**Evidence:** STATEMENTS OF PROSECUTRIX. On a prosecution for rape evidence that the prosecutrix stated, in effect, shortly after the occurrence, that defendant had intercourse with her against her will, is admissible; but her statements relating to details of the affair should be excluded.

*Appeal from Sac District Court.—* HON. H. M. POWERS, Judge.

SATURDAY, DECEMBER 16, 1905.*

THE defendant was convicted of an assault with intent to commit rape, and appeals.— *Reversed.*

*W. A. Helsell,* for appellant.

*C. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

LADD, J.— The accused was indicted for rape, and convicted of an assault with intent to commit rape. It is contended that under the evidence he should have been convicted of the higher offense or acquitted, and that for this reason his conviction of the lower offense is not sustained by the evidence. But proof of his guilt of rape of necessity included that of every included offense, and he is not in a situation to complain of the leniency or mistake of the jury in his favor. *Pratt v. State,* 51 Ark. 167 (10 S. W. Rep. 233) ; *State v. Archer,* 54 N. H. 465 ; *Wilson v. State,* 24 Conn. 57 ; *Com. v. Cooper,* 15 Mass. 187 ; *State v. Morris,* 128 Iowa 717. But such a verdict may involve the credit to be given the witnesses for the State to such an extent as that it should not be allowed to stand. See *State v. Mitchell,* 54 Kan. 516, where prosecutrix's story was incredible, and the finding of the jury was held to indicate that it must have been rejected. Here the

1. RAPE: conviction for included offense.

* This and the following four cases were released for publication too late to appear in chronological order.

prosecutrix made no outcry, and was lying quietly beneath the accused when discovered by her mother, and the jury might have concluded that in seizing her leg when crawling under the fence he intended to commit rape, but that she finally yielded her consent to what was done afterwards (*State v. Cross,* 12 Iowa, 66; *State v. Atherton,* 50 Iowa, 189); or the testimony of defendant that, though in position, penetration had not been undertaken when he was discovered, might have been accepted by the jury. In other words, a portion of prosecutrix's story might have been rejected as doubtful, and the remainder accepted as true. The evidence cannot be regarded as insufficient on this ground.

II. The court did not submit to the jury whether defendant was guilty of assault and battery. No doubt is entertained but that this offense was included in the indictment. Indeed, it was in the words of that so

**2. SUBMISSION OF INCLUDED OFFENSES.** construed in *State v. Kyne,* 86 Iowa, 616. See also, *State v. Mitchell,* 68 Iowa, 116; *State v. McDonough,* 104 Iowa, 6; *State v. Wolf,* 112 Iowa, 458; *State v. Trusty,* 118 Iowa, 498. The evidence was such that the defendant might have been found guilty of assault and battery, and *State v. Welsh,* 73 Iowa, 106, is an authority to the effect that, even though the issue as to his guilt of a simple assault was submitted, it was prejudicial error not to submit the question of his guilt of assault and battery also to the jury. See, also, *State v. Desmond,* 109 Iowa, 72.

III. The mother testified that prosecutrix, when defendant got off, would say nothing, but went directly to the house and there talked. " Q. What did she say to you at the house ? A. She said then he had torn her clothes open. Q. Did she say anything else at this time ? A. She said he entered my private parts with his private parts against her will." These answers were received over objections, and a motion to strike each was overruled. The last answer was no more in effect than a statement that intercourse was had

forcibly, and was admissible. *State v. Watson,* 81 Iowa, 380; *State v. Cook,* 92 Iowa, 483; *State v. Hutchinson,* 95 Iowa, 567. The first answer should have been excluded as a detail of the occurrence. Probably no prejudice resulted from this error, but the evidence should be excluded on another trial.— *Reversed.*