THE STATE OF IOWA v. SAMUEL JONES, Appellant.

**Rape:** INCLUDED OFFENSES: INSTRUCTION. A prosecution for rape in having intercourse with a female under the age of fifteen years, to which she consented, does not involve an included offense of assault with intent to rape, and no instruction with respect thereto is required.

**Same:** EVIDENCE OF GOOD CHARACTER: INSTRUCTION. Evidence of good character is not a defense to a prosecution for rape, but is ordinarily received simply as tending to raise a reasonable doubt of defendant's guilt; and while it is the duty of the court without request to instruct as to the theory of the defense, a special instruction with reference to the effect to be given evidence of good character is not required unless specially requested.

*Appeal from Pottawattamie District Court.*—HON. E. B. WOODRUFF, Judge.

MONDAY, DECEMBER 20, 1909.

DEFENDANT was charged with the crime of rape in having sexual intercourse with a female under the age of fifteen years. From a conviction for the offense thus charged, he appeals.—*Affirmed.*

*Ine D. Shuttleworth* and *Genung & Genung,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,* Assistant Attorney-General, for the State.

McCLAIN, J.—The defendant, a half-brother of the father of the prosecuting witness, who had been for some months a member of the family, was charged with having had intercourse with the prosecutrix during the night in her bed in her father's house. Her testimony, as well as that of her sister who corroborated her, tended to show that prosecutrix made no protest against defendant's advances, and submitted without any outcry or resistance whatever, although her parents and three other members of the family were within call and could readily have heard her had any outcry been made. The evidence introduced for defendant, including his own testimony, tended only to negative the fact of intercourse. Under our statute (Code, section 4756) the act of carnal intercourse with a female child under the age of fifteen years constitutes rape, although it was with her consent.

I. Complaint is made of the failure of the trial court to instruct as to the included offense of assault with the intent to commit rape. It is true that if the female is over the age of fifteen years, so that to constitute the crime of rape, the intercourse must be by force and against her will, an assault with intent to commit rape is necessarily included.

1. RAPE: included offenses: instruction.

It may well be that in the latter class of cases there may be an assault; but here there is not the slightest evidence that defendant's proposal to the prosecuting witness was opposed by her. It conclusively appears from her own testimony that on this occasion, as on a previous occasion, she consented to the proposal, as she did to the consummation of the intercourse. It is well settled by our decisions that it is not error, in an ordinary prosecution for rape, to fail to instruct as to an included crime, when from the evidence it appears without conflict that defendant is either guilty of the crime charged or not guilty of any crime. *State v. Stevens,* 133 Iowa, 684. And this rule has been applied without question in a prosecution for rape in having intercourse with a female child under the age of consent. *State v. Beabout,* 100 Iowa, 155; *State v. Sherman,* 106 Iowa, 684. There was no error therefore in failing to instruct as to any included offense.

II. Some evidence was offered by defendant as to his good character, and it is assigned as error that the court did not instruct as to the effect to be given by the jury to such evidence. But good character does not constitute a defense. Evidence thereof is received in an ordinary case only as tending to give rise to a reasonable doubt in the minds of the jury as to defendant's guilt. *State v. Donovan,* 61 Iowa, 278; *State v. Gustafson,* 50 Iowa, 194; *State v. House,* 108 Iowa, 68; *State v. Wolf,* 112 Iowa, 458; *State v. Krug,* 136 Iowa, 231. Such evidence therefore tends merely to negative the evidence for the prosecution tending to show defendant's guilt. It is not necessary, in the absence of a special request for instructions relating to the bearing of specific evidence, to instruct as to such matters of evidence. *State v. Seevers,* 108 Iowa, 738. Thus, it is not error, in the absence of request, to fail to instruct as to alibi, although evidence has been introduced tending to show that defendant was at such place when the crime was

2.·SAME: evidence of good character: instruction.

committed, and that he could not have participated in its commission. *State v. Lightfoot,* 107 Iowa, 344. Proof of defendant's character was not an essential element in the case, and what is said in *State v. O'Hagan,* 38 Iowa, 504, is not in point. While it is the duty of the court to instruct as to the theory of the defense, and as to material questions of law involved, although no instructions are asked for the defendant, it is not, we think, its duty, in the absence of instructions asked, to refer to the effect of each particular item of evidence introduced for the defendant, although the evidence may be properly admitted, and may be such as that the jury would be warranted in considering it.

Finding no error in the record, the conviction is *affirmed.*