STATE OF IOWA v. FRANK NOVAK, Appellant.

Criminal law: RAPE: DECLARATIONS OF PROSECUTRIX: ADMISSIBILITY.
1  On a prosecution for assault with intent to rape declarations of the prosecutrix concerning details of the affair are not admissible as evidence of complaint, but if the declarations were made so soon after the transaction and under such circumstances that they clearly appear to be spontaneous and unpremeditated then evidence of the details of the transaction may be admissible as *res gestae.*

Same: INSTRUCTION: INCLUDED OFFENSE. Where evidence in a prose-cution for assault with intent to commit rape disclosed no other intent than that involved in the attempted rape, it was not error to refuse an instruction concerning assault with intent to do great bodily injury as an included offense.

*Appeal from Marshall District Court.*—HON. J. M. PARKER, Judge.

WEDNESDAY, JULY 5, 1911.

THE· defendant appeals from a conviction for assault with intent to commit rape. *Affirmed.*

*Cummings & Mote,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for the State.

McCLAIN, J.—There was evidence tending to show that Miss Mathie Olson, the prosecuting witness, while alone in her home after dark on the evening of December 16, 1909, had her attention attracted by someone outside calling "Gunder," that being the name of her nephew, who resided about a half mile away; that the person outside, after knocking, forced open the door into the room where the prosecutrix was seated beside the stove reading by the light of a lamp, such person being identified as the defendant in this case; that the defendant attempted to shake hands with prosecutrix and offered her a bottle containing liquor, and threw down fifty cents on the table, and then proceeded to warm himself by the stove after taking off his coat, something being said about coffee; that defendant said he could speak only English and Bohemian, while the prosecutrix was only able to converse in Norwegian; that after some time had elapsed defendant, who was a man of about thirty-four years of age, assaulted prosecutrix, who

was seventy-one years of age, and attempted to have sexual intercourse with her by violence; and that prosecutrix escaped after her clothing had been partly torn and ran to her nephew's, where she screamed in distress to be let into the house, and made statements indicating that someone had attempted a criminal assault upon her.

I. The nephew of prosecutrix and his wife both testified as to the declarations of prosecutrix made immediately upon her being admitted to the nephew's house, and while she was in a state of great ex-

1. CRIMINAL LAW: rape: declarations of prosecutrix: admissibility.

citement. So far as these declarations indicated that an assault had recently been made upon her with intent to ravish, the witnesses were allowed to testify to them without objection, but so far as questions asked of the nephew's wife called for a narrative of declarations relating to what the prosecutrix then said as to the details of the transaction, timely objection was made, and it is now contended that the court erred in allowing the recital by the witness of the details given by the prosecutrix in such declarations. On examination of the record, we reach the conclusion that the witness was allowed to testify as to declarations relating to the details of the transaction which were not admissible under the rule limiting proof of complaint of the injured female in such cases to the general fact of a criminal assault with intent to ravish and the identity of the person making such assault. The rule in such cases has often been stated and need not now be elaborated. See *State v. Richards,* 33 Iowa, 420; *State v. Barkley,* 129 Iowa, 484; *State v. Andrews,* 130 Iowa, 609; *State v. Symens,* 138 Iowa, 113. But if the declarations of the prosecutrix were made so soon after the transaction to which they related and under such circumstances that they clearly appeared to be spontaneous and unpremeditated, then they were admissible, notwithstanding the general rule excluding evidence of hearsay. *McMurrin v. Rigby,* 80 Iowa, 322;

*State v. Andrews, supra; State v. Wheeler,* 116 Iowa, 212; *State v. Peterson,* 110 Iowa, 647; *State v. Egbert,* 125 Iowa, 443. We think the declarations were made at such time and under such circumstances that they appeared to be the result of the excitement produced by the assault upon the prosecutrix and her flight to a place of safety, and they were, therefore, admissible under what is generally, although somewhat inaccurately, described as the *res gestae* rule. *Rothrock v. Cedar Rapids,* 128 Iowa, 252; *Hutcheis v. Cedar Rapids & M. C. R. Co.,* 128 Iowa, 279; *Keyes v. Cedar Falls,* 107 Iowa, 509; *State v. Jones,* 64 Iowa, 349; 3 Wigmore, Evidence, sections 1747-1751. The evidence tended to show without controversy that the prosecutrix escaped from her home, ran to her nephew's house with her torn drawers dragging about her feet, called for admission to the house with every sign of urgency and distress, and immediately by way of explanation of her condition and fright narrated what had occurred. Certainly, there was such evidence of excitement and want of opportunity for premeditation as to justify the court in receiving evidence of the declarations then made.

II. The court instructed the jury with reference to assault and battery as an included offense, but notwithstanding a requested instruction relating to an assault with intent to do great bodily injury failed to give the jury any instruction on that subject. In this we think there was no error. The indictment charged in the usual form is assault with force and violence with intent to ravish by force and against the will. The evidence showed no other intent to do violence than that involved in an attempt to ravish. Under such circumstances no instruction as to assault with intent to commit great bodily injury was required.

2. SAME: instruction: included offense.

It has often been held by this court that under such allegations and proof the court should give an instruction as

to assault and battery. *State v. Barkley,* 129 Iowa, 484; *State v. Hutchinson,* 95 Iowa, 566; *State v. Wolf,* 112 Iowa, 458. In the case of *State v. Egbert,* 125 Iowa, 443, which was a prosecution for assault with intent to commit rape, the court instructed as to the crime charged and as to simple assault, but gave no instruction as to assault and battery; and the conviction was reversed for failure to properly instruct as to included offenses with the suggestion that "as the evidence tended to show violence such as to constitute a battery, and indeed such as might have evidenced an intent to commit great bodily injury," the jury should have been instructed as to these possibly included crimes. In no other case called to our attention has there been any intimation by this court that assault with intent to commit great bodily injury is an included crime under a charge of assault with intent to commit rape. Without now deciding or even intimating that where there is evidence of an intent to inflict great bodily injury other than the injury involved in an attempt to rape, an instruction as to assault with intent to commit great bodily injury might not be proper and necessary, we hold that in this record no evidence is to be found on which the jury could have properly convicted the defendant of assault with intent to commit great bodily injury. Therefore there was no error in failing to give an instruction on that subject. The attempt to rape a female over the age of consent necessarily involves in its accomplishment the exercise of force and violence such as to constitute a battery, but it does not necessarily involve the infliction of great bodily injury. *State v. Snider,* 119 Iowa, 15; *State v. Desmond,* 109 Iowa, 72; *State v. McDevitt,* 69 Iowa, 549.

Finding no error in the record, the judgment is *affirmed.*