STATE OF IOWA, Appellee, v. ROY HARRISON, Appellant.

**Criminal law:** RAPE: EVIDENCE. On a prosecution for assault with intent to rape, it is competent to show prosecutrix's mental and physical condition shortly after the alleged assault, and the extent to which impaired.

**Same:** FORCE: INSTRUCTION. An instruction in a prosecution for rape, which, if standing alone would be erroneous because omitting the element of force and lack of consent, will not be so construed when there are other correct instructions on that subject with which it must be considered.

**Same:** INCLUDED OFFENSES: INSTRUCTION. Even though an indictment for assault with intent to rape is broad enough to cover the offense of assault with intent to commit great bodily injury, if there was no evidence to justify an instruction on the latter offense omission to so charge was not erroneous.

**Same:** FLIGHT: INSTRUCTION. Proof that at the time of defendant's arrest he stated to the officer that he was trying to get away, when the statement was made in connection with an admission that he assaulted the prosecuting witness, justified an instruction on the subject of flight.

**Same:** INTOXICATION: INSTRUCTION. Intoxication as an excuse for crime has relation to the question of whether by reason thereof defendant was incapable of forming a specific intent. The question is not whether he was able to distinguish between right and wrong.

**Same:** INTOXICATION: BURDEN OF PROOF. Strictly speaking intoxication is not a defense to crime, but is an excuse in some cases, which relieves the defendant from punishment; and in that sense the burden of establishing the claim by a preponderance of the evidence is upon defendant when pleaded by him.

**Same:** REASONABLE DOUBT: INSTRUCTIONS. Where defendant asked no instruction as to the burden of proof, in view of the evidence of intoxication, the usual instruction that the state must prove defendant's unlawful intent beyond a reasonable doubt was sufficient.

*Appeal from Clarke District Court.*—HON. H. K. EVANS, Judge.

SATURDAY, NOVEMBER 21, 1914.

DEFENDANT was indicted, tried, and convicted of the crime of assault with intent to commit rape, and he appeals.— *Affirmed.*

*O. M. Slaymaker,* for appellant.

*George Cosson,* Attorney General, and *Wiley S. Rankin,* Special Counsel, for the State.

Deemer, J.—No claim is made that the testimony does not support the verdict, and the only contentions relate to a ruling on testimony and to the correctness of certain instructions given by the trial court.

I. The crime is alleged to have been committed on one Capitola Koble on the morning of Friday, November 21, 1913. The prosecutrix is a school teacher, and it is claimed that defendant assaulted her on her way to school.

1. CRIMINAL LAW: rape: evidence. Shortly after leaving her home she appeared at the residence of George Baker, and her clothing was muddy, and she was in an exhausted and nervous condition. Leaving Baker's, she went to her own home, and her mother was permitted to testify, over defendant's objections, that she (prosecutrix) was very nervous, ate no dinner on that day, and complained of a violent headache. In this ruling there was no error. Prosecutrix's condition, both bodily and mentally, shortly after the alleged assault, was a material inquiry, and it was also proper to show the extent thereof. *State v. McLaughlin*, 44 Iowa, 82; *State v. Montgomery*, 79 Iowa, 737; *State v. Steffens*, 116 Iowa, 227.

II. An instruction defining "intent" and the words "ravish and carnally know" is complained of. If this stood alone, it would be erroneous, in that it omitted the element of

2. SAME: force: instructions. force and lack of consent on the part of prosecutrix; but the instruction shows on its face that it was not intended to be all-inclusive, and, taken in connection with the others, it was not erroneous. It was essential for the state to show, in making out the offense, that defendant, in what he did, intended to have sexual intercourse with the prosecutrix. This the instruction says; but it does not authorize a conviction on this fact alone, and the one next following requires the state to show that the defendant must have intended to ravish the prosecutrix forcibly and against her will. We here quote from this latter instruction as follows:

In order to constitute the offense charged, the evidence must show that the defendant assaulted the prosecuting witness, not only with the intent to gratify his passions, but that he intended to do so at all events, notwithstanding her refusal, and any resistance she might be able to make against such assault. And before you can convict the defendant of the crime charged, you must find that he assaulted the said Capitola Koble as aforesaid with the intent and purpose to accomplish his design and ravish said Capitola Koble, notwithstanding her resistance, and was only prevented from accomplishing his design by the resistance of the said Capitola Koble. Merely to solicit sexual intercourse, to propose it, or even to go to the extent of committing an assault, or an assault and battery, upon the said Capitola Koble in pressing such solicitation, would not be sufficient, unless you further find it was the design and purpose of the defendant to have sexual intercourse with the said Capitola Koble, notwithstanding any resistance she might make, and that he was only prevented from doing so by the resistance of the said Capitola Koble.

This is a correct exposition of the law, and the instruction complained of should be construed with reference thereto. So construed, there is no error.

III. The trial court did not instruct as to an assault with intent to commit a great bodily injury, although it was requested to so instruct. In this there was no error. Conceding, arguendo, that the indictment is broad enough to cover such an offense, and that it is an included one, still there was no error, for there is an entire absence of testimony to justify such a charge. *State v. King,* 117 Iowa, 484; *State v. Snider,* 119 Iowa, 20. The trial court did instruct as to assault and battery and simple assault, and this, under the testimony, was sufficient.

3. SAME: included offenses: instructions.

IV. The trial court gave an instruction as to defendant's flight, and its bearing upon the case. Abstractly the correctness of the instruction is conceded, but it is contended that there was no testimony to justify such an instruction. We find that the officer who arrested the defendant testified: "When I arrested him [defend-

4. SAME: flight: instruction.

ant], he said he was trying to get away." This testimony was given in connection with an admission that the defendant had assaulted the prosecuting witness, that he met her and threw her down, and that she pulled his hair and struck him. An admission that, when arrested, he was in the act of running away, is quite as effectual as independent proof that he was then attempting to flee, and it justified the giving of the instruction. By the instruction itself the court left it to the jury to say whether or not defendant was attempting to get away at the time of his arrest. There was no prejudicial error here.

V. An instruction given by the court with reference to defendant's drunken condition at the time of the assault reads as follows:

The defendant, as one of his defenses, says that at the time of the commission of the alleged crime as charged in the indictment the defendant was drunk. You are instructed that

5. SAME: intoxication: instruction.

if you find from the evidence that the defendant, at the time of the alleged assault, was in such a state of drunkenness or intoxication that he was incapable of forming an intent to ravish the said Capitola Koble, then defendant would not be guilty of assault with intent to commit rape; and you will then determine whether or not defendant, by reason of drunkenness or intoxication, was incapable of forming an intent to commit one of the lesser crimes included in the charge and defined in these instructions, and if you find the defendant was, at the time of the alleged assault, in such a state of drunkenness or intoxication as to render him incapable of forming an intent to commit assault and battery, or simply assault, then you should find the defendant not guilty.

The defendant asked the following with reference thereto:

You are instructed that you may take into consideration the fact, if you so find it to be a fact, that the defendant, at the time he made the assault, if you find he made one, was intoxicated, or had been drinking, so that he did not have possession of his full mental or physical faculties; such testi-

mony being admissible, and you are entitled to consider it, on the question of whether or not the defendant had or could form the intent to commit the crime charged. One intoxicated cannot, within the meaning of the law as applied to cases of the kind at bar, have such intent as to make him guilty of the crime charged. This, regardless of how brutal or uncalled-for his acts and conduct might be.

This latter was refused, and it is now contended that the one given is erroneous: (1) In that "drunkenness" is not a defense, but inheres in the charge itself; (2) that it cast the burden on defendant of proving his intoxication; and (3) that it is erroneous in requiring the jury to find that by reason of intoxication defendant was unable to form an intent; whereas, the test, as appellant contends, is whether or not defendant was so far under the influence of liquor that he was incapable of distinguishing the right or wrong of what he did. That the last point made against the instruction is without merit is squarely held in State v. Donovan, 61 Iowa, 369. The instruction does not in terms refer to the burden of proof, but simply undertakes to explain what degree of intoxication would ex-culpate the defendant, and this degree was, as we have already said, correct. In other instructions the court placed the burden upon the state of proving defendant's intent to commit the offense by the evidence beyond all reasonable doubt.

It is true, as defendant contends, that, strictly speaking, drunkenness is not a defense, although such a phrase is in common use. Properly speaking, it is in some cases an excuse, which relieves the defendant from punish-
6. SAME: intoxication: burden of proof.  ment. In other words, it tends to rebut the case made by the state; but it is not, strictly speaking, defensive, save as insanity or alibi are defensive. In that sense the burden is upon defendant to establish the claim by a preponderance of the testimony. State v. Reed, 62 Iowa, 40; State v. Hamilton, 57 Iowa, 598; State v. Bruce, 48 Iowa, 530; State v. Felter, 32 Iowa, 49; State v. Mewherter, 46 Iowa, 88; State v. Trout, 74 Iowa, 545; State v. Robbins, 109 Iowa, 650.

Upon such an issue tendered by the defendant the burden is upon him to establish the excuse. *State v. Sparegrove,* 134 Iowa, 599; *State v. Yates,* 132 Iowa, 475; *State v. Pasnau,* 118 Iowa, 501.

Defendant asked no instruction as to the burden on the whole case, in view of the testimony as to drunkenness; but the trial court gave the usual one on reasonable doubt, as heretofore suggested, and told the jury that the state must prove defendant's unlawful intent beyond a reasonable doubt. There was no error in the instruction given.

7. SAME: reasonable doubt: instructions.

VI. The instruction as to reasonable doubt is challenged. It conforms to the rules announced in *State v. Ostrander,* 18 Iowa, 459, and *State v. Phillips,* 118 Iowa, 660, 675, and there was no error.

Finding no error, the judgment must be, and it is— *Affirmed.*

Ladd, C. J., and Gaynor and Withrow, JJ., concur.