### OF THE

### STATE OF IOWA

### AT

## DES MOINES, JANUARY AND MAY, 1915, TERMS,

### AND IN THE SIXTY-NINTH YEAR OF THE STATE.

---

STATE OF IOWA, Appellee, v. EARL PERKINS, Appellant.

**CRIMINAL LAW:** Trial—Instructions—Included Offenses—Duty to Submit Rule—Rape. An included offense must be submitted to the jury on the concurrence of two facts, to wit: (1) When such included offense is charged in the indictment, and (2) when the record contains evidence justifying the jury in finding the accused guilty of such included charge and offense rather than of some higher offense.

PRINCIPLE APPLIED: Defendant was accused of rape with force and arms and by making an assault on the prosecutrix, a female over the age of consent. The evidence showed an actual battery. Court failed to submit the offense of assault and battery. *Held,* reversible error.

*Appeal from Mills District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, JUNE 23, 1915.

DEFENDANT was indicted for the crime of rape. Upon trial to a jury, he was convicted of an assault with intent to commit rape, and appeals.—*Reversed and Remanded.*

*Genung & Genung* and *W. S. Lewis,* for appellant.

*George Cosson,* Attorney General, and *Wiley S. Rankin,* Special Counsel, for the state.

DEEMER, C. J.—The indictment charges the crime of rape with force and arms, and the making of an assault upon the prosecutrix, Bessie Irene Miller; and the sole question raised by the appeal relates to the failure of the trial court to charge that assault and battery was an included offense, of which defendant might be convicted. The indictment was broad enough to cover this offense, and the testimony tended to show not only an assault, but an actual battery.

1. CRIMINAL LAW: trial: instructions: included offenses: duty to submit rule: rape.

In these circumstances, the trial court should have instructed upon the included offense, and left it to the jury to say whether or not the defendant should have been convicted of this offense, rather than some higher degree of crime. *State v. Kyne,* 86 Iowa 616; *State v. Hutchinson,* 95 Iowa 566; *State v. Barkley,* 129 Iowa 484; *State v. Egbert,* 125 Iowa 443; *State v. Trusty,* 118 Iowa 498; *State v. Harrison,* 167 Iowa 334.

Neither the fact that defendant was convicted of an assault with intent, nor that the court did instruct as to simple assault, obviates the error in failing to instruct as to assault and battery. This is pointed out in the authorities already cited.

To avoid misapprehension, it is to be observed that the prosecutrix was over the age of consent, she being twenty years of age.

For the error pointed out, the judgment must be, and it is, reversed and the cause remanded.—*Reversed and Remanded.*

LADD, GAYNOR and SALINGER, JJ., concur.