STATE OF IOWA, Appellee, v. PAUL BROWN, Appellant.

No. 41380.

NOVEMBER 22, 1932.

REHEARING DENIED JUNE 21, 1933.

J. C. Robinson, J. E. Williams, and Senneff, Witwer & Senneff. for appellant.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, and Roe Thompson, County Attorney, and Charles W. Barlow, Assistant County Attorney, for appellee.

STEVENS, C. J.—The offense of rape, charged in the indictment, was committed on the evening of June 7, 1931. The assault in some of its aspects was extremely brutal, and we shall recite no more of the details than is essential to the discussion of the propositions relied upon by the defendant for reversal.

The first and major complaint of the defendant is that the court did not submit to the jury the alleged included offense of assault with intent to commit great bodily injury. The court submitted rape, assault with intent to commit rape, assault and battery, and simple assault. Instead of requesting the court to submit assault with intent to do great bodily injury, counsel for defendant requested the court to instruct the jury that the acts which it is now contended constituted this offense amounted to no more than assault and battery or simple assault. The instruction was refused because not requested at the conclusion of the evidence, but the court did, in fact, instruct directly upon this point and in almost the exact language requested by the defendant.

It is the contention of the defendant that he is not bound by the requested instruction, for the reason that the court was not required to give it, even if correct, as the request therefor was not timely. On the other hand, it is the contention of the state that the defendant may not now complain of the instruction given. The exception to the instruction of the court now urged upon us was preserved in a motion for a new trial. The question presented has per-

haps never been specifically passed upon in this state, and we shall therefore dispose of it on the merits.

It is provided by section 13919, Code 1931, that:

"Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense, if punishable by indictment."

And by section 13920:

"In all other cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

This court has in many cases referred to the offenses necessarily included in a charge of rape as assault with intent to commit rape, assault and battery, and simple assault. State v. McDonough, 104 Iowa 6, 73 N. W. 357; State v. Novak, 151 Iowa 536, 132 N. W. 26; State v. Hoaglin, 207 Iowa 744, 223 N. W. 548, 552, and in many other cases. In an endeavor to clarify and harmonize our decisions, the court in State v. Hoaglin, supra, said:

"Much of the confusion in our previous cases has arisen from a failure to distinguish between the abstract question of what is an included offense in the charge of rape and the question of when included offenses should, under the evidence in the case, be submitted. When an indictment or county attorney's information charges a defendant with the crime of rape (statutory or otherwise), it also charges him with the included offenses, to wit: assault with intent to commit rape, assault and battery, and simple assault. As to whether or not the court should submit any one or more of these included offenses depends wholly upon the evidence."

The only offenses required by section 13920 to be submitted are such as are necessarily included in the major charge. The rule that the included offenses necessary to be submitted by the court to the jury depends wholly upon the evidence, although variously stated, has existed in this state since an early day. State v. Vinsant, 49 Iowa 241; State v. Mitchell, 68 Iowa 116, 26 N. W. 44; State v. Hutchinson, 95 Iowa 566, 64 N. W. 610; State v. Steffens, 116 Iowa 227, 89 N. W. 974; State v. King, 117 Iowa 484, 91 N. W. 768; State v. Trusty, 118 Iowa 498, 92 N. W. 677; State v. Barkley,

129 Iowa 484, 105 N. W. 506; State v. Blackburn, 136 Iowa 743, 114 N. W. 531; State v. Jones, 145 Iowa 176, 123 N. W. 960; State v. Perkins, 171 Iowa 1, 153 N. W. 146; State v. Brooks, 181 Iowa 874, 165 N. W. 194; State v. Ellington, 200 Iowa 636, 204 N. W. 307; State v. Speck, 202 Iowa 732, 210 N. W. 913.

The particular act committed by the defendant upon which the exception to the instruction is predicated was the insertion by the defendant into the vagina of the prosecutrix with great force and violence of an iron instrument, referred to in the evidence as an automobile jack handle. The result was the infliction of a wound in the top of the prosecutrix' vagina back of the mouth of the womb in the lower abdominal cavity about two or two and one-half inches in length. We have found no case in this state in which the offense of assault with intent to do great bodily injury has been submitted as one necessarily included in a charge of rape. The subject has, however, been referred to in several of our prior decisions. State v. Reilly, 104 Iowa 13, 73 N. W. 356; State v. Egbert, 125 Iowa 443, 101 N. W. 191; State v. Sheets, 127 Iowa 73, 102 N. W. 415; State v. Novak, 151 Iowa 536, 132 N. W. 26, 27; State v. Harrison, 167 Iowa 334, 149 N. W. 452; State v. Woodworth, 168 Iowa 263, 150 N. W. 25; State v. Huckelberry, 195 Iowa 14, 188 N. W. 587.

In several of the cited cases, the subject was dismissed without discussion and with the mere statement that the record contained no evidence to sustain such an offense. The court in State v. McDonough, supra, held that the crime of assault with intent to commit great bodily injury is not necessarily included in a charge of rape, and that the court need not instruct with reference to it, but in State v. Egbert, 125 Iowa 443, 101 N. W. 191, 193, it was said:

"But the indictment charged the act to have been committed 'with force and violence,' and the evidence tended to show violence such as to constitute a battery, and, indeed, such as might have evidenced an intent to commit great bodily injury, and the jury should have been instructed as to these possible included crimes."

The author of the opinion in State v. Egbert, supra, also spoke for the court in State v. Novak, supra. In the later opinion it is said:

"In the case of State v. Egbert, 125 Iowa 443, 101 N. W. 191, which was a prosecution for assault with intent to commit rape, the court instructed as to the crime charged and as to simple assault,

but gave no instruction as to assault and battery; and the conviction was reversed for failure to properly instruct as to included offenses with the suggestion that 'as the evidence tended to show violence such as to constitute. a battery, and indeed such as might have evi-. denced an intent to commit great bodily injury,' the jury should have been instructed as to these possibly included crimes. In no other case called to our attention has there been any intimation by this court that assault with intent to commit great bodily injury is an included crime under a charge of assault with intent to commit rape. Without now deciding or even intimating that where there is evidence of an intent to inflict great bodily injury other than the injury involved in an attempt to rape, an instruction as to assault with intent to commit great bodily injury might not be proper and necessary, we held that in this record no evidence is to be found on which the jury could have properly convicted the defendant of assault with intent to commit great bodily injury. Therefore there was no error in failing to give an instruction on that subject."

The court again in State v. Harrison, 167 Iowa 334, 149 N. W. 452, 453, said:

"Conceding, arguendo, that the indictment is broad enough to cover such an offense, and that it is an included one, still there was no error, for there is an entire absence of testimony to justify such a charge."

The above are the only cases in this state which we have found directly touching the subject under discussion. That the crime of assault with intent to do great bodily injury is not necessarily included in a charge of rape is, of course, true. Had this offense been submitted at the request of the defendant, he could not have complained of a conviction thereof. Notwithstanding what has been said in our prior cases, we think it must be held, as stated in State v. Hoaglin, supra, that the only included offenses, depending upon the evidence, which the court is required to submit to the jury under a charge of rape, is assault with intent to commit rape, assault and battery, and simple assault. This is the logical rule and comports with the holding of courts generally on the subject. The court did not, therefore, commit error in failing to submit assault with intent to commit great bodily injury as an included offense.

What is said above disposes of all of the exceptions to the in-

structions based upon the failure of the court to name, define, and submit to the jury the crime of assault with intent to do great bodily injury.

II. · The defendant at the conclusion of the state's case, and ·again at the close of all the evidence, moved for a directed verdict upon the principal ground that the evidence was insufficient to sustain the allegations of the indictment. Particular emphasis is urged by defendant upon the asserted basis that the evidence wholly fails to show any substantial resistance on the part of the prosecutrix. The evidence was abundant to sustain a charge of rape. The prosecutrix testified to repeated assaults in defendant's automobile at a point to which they had driven in the country near Mason City, and that he threatened to shoot or gag her if she made an outcry. She testified that he forcibly removed her dress and most of her other clothing; that he removed all of his own clothing, except his shoes and underclothes. That prosecutrix was frightened, intimidated, and brutalized by the defendant is abundantly established by the evidance, notwithstanding he did not show a pistol. She testified that she got out of the automobile and attempted to escape, but was caught, and, by the threats of the defendant, forced to again enter the automobile. Later, she took her coat and escaped from the car into a cornfield. Frightened by the approach of another car, defendant drove away. When the two young men who were riding in the approaching vehicle arrived at the scene of the crime, they found the prosecutrix in the cornfield screaming, crying, highly excited, and hysterical. They took her to the police station, where complaint was made. From there she was taken to a hospital. She was a young married woman with a baby eight months of age. When found in the cornfield, she was minus her dress, skirt, and other clothing. The missing clothing was taken by the defendant to Mason City and hid by him in the park. He later told police where the garments were, and they were, with his assistance, procured and introduced as exhibits on the trial. The prosecutrix did not strike, hit, scratch, or otherwise injure her assailant. She may have been too frightened to do so. In any event, we are satisfied without further discussion that the evidence fully justified the submission of the charge of rape and the necessary included offenses to the jury. Perhaps it should be stated that the defendant testified that he was intoxicated to such an extent that he did not remember the occurrences and acts referred to by prosecutrix in her testimony. The testimony of appellant that he

was intoxicated has corroboration in the record, but not to the extent claimed.

■ III. The iron instrument to which we have already referred was introduced in evidence over the objections of the defendant that it was incompetent, irrelevant, and immaterial and not in the same condition as when it was found in the possession of the defendant. Prosecutrix was unable to identify the instrument. It was, however, found in the automobile of the defendant, and, when found, was covered to some extent with a substance believed to be blood. Furthermore, the defendant in a voluntary statement to the police admitted that the instrument introduced in evidence was the one used by him. The question as to whether the statement made and signed by the defendant was, or was not, voluntary was submitted to the jury, but there is nothing in the record to indicate that it was not.

[5] IV. The court in the instruction heretofore referred to told the jury that the insertion of such instrument into the private parts of the prosecutrix against her will would constitute, at most, assault and battery. It is now urged by appellant that this instruction gave undue emphasis to the iron instrument and was prejudicial to the defendant. What has already been said sufficiently disposes of the contention made at this point. It is without merit.

V. In the remaining assignments, the defendant complains of the overruling of his motion for a new trial and in arrest of judgment. A careful examination of the motion for a new trial discloses no matter not already sufficiently covered in this opinion. Numerous of the exceptions preserved to the instructions are not assigned as error or referred to in argument. Both motions were properly overruled.

We find no reversible error in the record, and the judgment of the court is accordingly affirmed.

EVANS, ALBERT, KINDIG, and CLAUSSEN, JJ., concur.

BLISS, J., taking no part.