THE STATE v. SMITH.

1. **Criminal Law**: SEDUCTION: EVIDENCE. Mere proof that the defendant had opportunity to employ seductive arts does not constitute evidence corroborative of the prosecuting witness on a trial for seduction.

*Appeal from Chickasaw District Court.*

SATURDAY, OCTOBER 23.

THE defendant was indicted for the seduction of one Clara Williams, was tried and convicted. He appeals.

*J. S. Root*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

DAY, J.—The defendant makes several objections to the judgment in this case, amongst which it is urged that there is no corroborating evidence tending to connect the defendant with the commission of the crime charged, as is required in section 4560 of the Code, but that the verdict rests alone upon the uncorroborated testimony of the prosecuting witness. Each member of the court has examined the evidence with care, and we feel constrained to hold that there is an entire absence of such corroboration as the statute requires. The prosecuting witness was a servant in the family of defendant's father, of which the defendant was a member. The

most that can be said is that the defendant had an opportunity to employ seductive arts. There is no evidence that he did so. There were several other young men, members of the same family during the period that the offense is alleged to have been committed, who had equal opportunities. But mere proof of having opportunity for sexual intercourse does not constitute evidence corroborative of the prosecuting witness on a trial for seduction. *State v. Painter*, 50 Iowa, 317. In that case it is said that we are unwilling to go beyond the case of *State v. Wells*, 48 Iowa, 671. To sustain the conviction in this case we would be obliged to go very far beyond the doctrine of *State v. Wells*. For the reason that the evidence is insufficient to sustain the conviction, the judgment must be

REVERSED.