STATE OF IOWA, Appellee, v. RICHARD BOUMA, Appellant.

**SEDUCTION:** **Promise of Marriage.** Evidence reviewed, and held
   sufficient to sustain a verdict that defendant did seduce the prose-
   cutrix by means of false promises of marriage.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

MARCH 7, 1922.

TRIAL on indictment charging the defendant with the crime
of seduction. Verdict of guilty and judgment entered commit-
ting the defendant to the Iowa State Reformatory for a period
not to exceed five years. Defendant appeals.—*Affirmed.*

*Parsons & Mills* and *I. N. McIntire,* for appellant.

*Ben J. Gibson,* Attorney General, and *John Fletcher,* As-
sistant Attorney General, for appellee.

DE GRAFF, J.—Defendant stands convicted for the crime
of seduction. He admits having had sexual intercourse with
the prosecutrix and more frequently than is admitted by her.
One question is presented on this appeal. Does the evidence
establish beyond a reasonable doubt that artifice was used in
procuring the consent of the prosecutrix to sexual acts? The
truth of her recital of the transaction must be tested in the same
manner as the testimony of any witness. Is it reasonable? Is
it natural? Does competent evidence support the essential fact
in dispute?

It appears that the defendant and prosecutrix casually met
at Riverview Park, Des Moines, on June 28, 1919. The defendant
at that time was in the service of the United States army and
stationed at Fort Des Moines. The girl was employed as a
waitress in the Hartford Cafeteria and roomed in the Girl's
Dormitory at Highland Park College. The prosecutrix was in
company with a girl friend at this initial meeting and the de-
fendant was with a soldier friend. These young men accom-

panied the girls to the dormitory. Several meetings by prearrangement and otherwise were had after this time. The defendant accompanied prosecutrix to a theatre and visited her at different residences where she resided after leaving the dormitory. Motor rides were taken and public parks were visited. The defendant was somewhat attentive to the girl, protested his love for her, kissed her and on one occasion manifested his love by kissing her in the presence of her sister. Evidence of her previous chaste character was introduced and the defendant also offered evidence to establish his reputation for general moral character.

It is contended by appellant that the time, place, and the girl negative the guilt of this defendant. She testifies that the first act of intercourse occurred August 1st, 1919 in one of the public parks of the city of Des Moines. One witness testified that some three years prior to the act alleged in this case the prosecutrix had intercourse with him. In brief it is the claim of the defense that the prosecutrix was a young woman of easy virtue and the use of seductive arts was not necessary. The jury did not accept this view and gave no credence to the testimony of the self-confessed assassin of feminine virtue. Jurors are human and in the solution of a sex problem they study the facts in the light of human experience. It is not to be expected that jurors would altogether suppress their feeling of disgust in listening to a brazen recital of the perfidy of a man in his relations with a girl several years before the time in question. It was for the jury, however, to believe or disbelieve. The verdict indicates the natural and ordinary consequence of such testimony.

The prosecutrix was 20 years of age May 23, 1919. She had been reared on a farm, was graduated from the high school at Murray Iowa, and had attended Highland Park College for a brief period. She had been a teacher for several terms in the rural schools of this state and at the time she met the defendant was employed in a well-known Des Moines cafeteria. The defendant wrote letters to her during her brief absence from the city and she visited the defendant at the Fort while he was convalescing from an operation for appendicitis. It is the claim of the prosecutrix that shortly after her acquaintance with him

he talked marriage to her.  The subject of marriage was talked over between them several times and on one occasion she states that he said that she would live with him on a farm; that he would marry her when he was discharged from the army.  It is the claim of the prosecutrix that sexual relations occurred twice between them in the month of August and on no other occasion. On the first occasion in the first week of August she testifies that he accompanied her to Frase Park; that she objected to his sexual request, and that he said "it was his love for me why he did that and he kept on pleading and said it didn't make any difference anyway as we would be married;"  That this was the first time in her life that she had sexual relations with a man. A short time subsequently to the date of the alleged seduction, she told her father, mother and sister that she was engaged to the defendant.  They so testify.  A child was born to the prosecutrix on the 19th day of May, 1920.

The testimony of the prosecutrix should not receive a strained construction to sustain a verdict of guilty, and in determining the amount or kind of seductive arts or deception used in cases of this character the jury take into consideration the age, experience, and intelligence of the parties, their situation in life, their habits, and their experience in the ways of the world.  A false promise of marriage is universally recognized as an artifice and it was for the jury to find whether the defendant did in fact deceive the prosecutrix in this respect and to say whether the prosecutrix believing said promise was induced and did surrender her person to the defendant.

The question of the sufficiency of the evidence to establish the artifice alleged is for the jury and an appellate court may not arbitrarily say that the prosecutrix is not worthy of belief. There is evidence in this record to support the finding of the jury and we are not warranted in disturbing the verdict.

The judgment is therefore—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.