The State v. Painter.

THE STATE v. PAINTER.

50   317.
79   740

50   317
88   256

50   317
106  129

50   317
111  693

50   317
133  745

1. **Criminal Law:** SEDUCTION : CORROBORATIVE EVIDENCE. Proof of opportunity for having sexual intercourse does not constitute evidence corroborative of the prosecution upon a trial for seduction. The evidence, to be corroborative, must tend to connect the defendant with the commission of the offense.

*Appeal from Wapello District Court.*

WEDNESDAY, MARCH 19.

INDICTMENT for seduction. There was a verdict of guilty, judgment, and the defendant appeals.

*Morris J. Williams*, for appellant.

*J. F. McJunkin, Attorney General*, for appellee.

SEEVERS, J.—I.   Certain letters claimed to have been written by the defendant to the prosecutrix were introduced in evidence by the State for the purpose of corroborating the prosecutrix.   Whether these letters or some of them were written by the defendant was a controverted question before both the court and jury.   Sufficient proof for that purpose having been made, the court permitted the letters to go to the jury as evidence, and instructed them as follows:

"If you believe from all the evidence before you, and from the subject-matter of the letters, that any letters in evidence

were dictated by him and embody his thoughts, and were designed to be communicated to Anna Leonard, then they may be considered, though you may not find they were actually written by him; but if you find that any of the letters in evidence were forged, or written without the knowledge of defendant, then he is not responsible for the contents of such letters, and they should not be considered by you. You are the judges of all these matters, for the law is that these letters, like any other evidence offered, are, in the first instance, before they go to you, subject to objection, as not competent or proper evidence for you to consider at all, and that objection is made to the court, and when the court allows them to go to you, you are to consider them just as you consider any other evidence—just as you do what a witness swears on the stand; that is, you will give them just the weight and value you think they are entitled to in regard to aiding in the establishing of the truth of any of the issues in the case. You know that there is some evidence competent, and that goes before you, that you think of not much weight, or that is entitled to much, if any, credit, and there is other evidence that you think of great weight and entitled to full credit. So these letters are before you, and you are the judges of their weight and value as evidence to sustain the issues in this case."

Taking this instruction as a whole, we think the court took from the jury the question as to the authorship of the letters. It is true they were told that if they found any of the letters were forged, or written without the knowledge of the defendant, he was not responsible for the contents of such. This, however, is followed by the direction that, inasmuch as the letters have been admitted in evidence, they are to consider them just as they would any other evidence, or that of a witness testifying on the stand, giving thereto such weight as they believed them entitled to; and the instruction concludes as follows: "So these letters are before you, and you are the judges of their *weight* and *value* as evidence to

sustain the issues in the case." This instruction was, we think, prejudicial to the defendant.

II. The jury were also instructed as follows:

"The corroborative testimony required should be of a character to strengthen the testimony of the injured party and tending to point out the defendant as having committed the offense. This corroborative evidence may consist of any facts coming from sources other than from the injured female—such as the defendant being with her, having opportunities to have intercourse with her, the length of time the parties have been acquainted, their relations in life toward each other, any and all letters, if any, written by the defendant."

1. CRIMINAL law : seduction : corroborative evidence.

Under this instruction the jury were warranted in finding that mere opportunity to have sexual intercourse and acquaintance were sufficient as corroborative evidence. The opportunity to have sexual intercourse does not, we think, constitute the opportunity required to commit the crime of seduction. Sexual intercourse does not constitute the crime. Seductive means must be used to accomplish the intercourse, and the opportunity must be sufficient for such purpose.

The evidence must tend to connect the defendant with the commission of the offense. It must point or single him out from other men. If acquaintance and opportunity constitute the corroborative evidence required by the statute, it may with safety be asserted that there are a score or more of men who could have been charged and convicted with as much propriety as the defendant. The corroborative evidence referred to in the instruction would have been just as applicable, at least, to many of the male acquaintances of the prosecutrix as to the defendant. Something more than this is required. *State v. Danforth*, 48 Iowa, 43.

If there were a promise of marriage, the birth of a child, the defendant a constant visitor, etc., in addition to opportunity, it would be sufficient, as was held in *State v. Wells*, 48, Iowa, 671. The character of the offense is such that other

corroborative evidence cannot well be obtained. From neces-
sity it must, therefore, be held sufficient. But beyond *The*
*State v. Wells* we are unwilling to go. To do so would ignore
the statute. This the instruction in question practically does,.
and is, therefore, erroneous.

REVERSED.