The State v. Araah.

THE STATE v. ARAAH.

1. **Criminal Law**: SEDUCTION: EVIDENCE.  Upon a trial for seduction, evidence that the defendant had opportunity to employ arts, deceptions and false promises is insufficient, as corroborating evidence, to connect him with the offense charged.

*Appeal from Jones District Court.*

WEDNESDAY, DECEMBER 15.

INDICTMENT charging the seduction of a woman of previously chaste character.    Trial by jury, verdict guilty¡ and judgment.    The defendant appeals.

*S. T. Pierce* and *I. M. Preston & Son*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—The court among other things said to the jury that if the defendant " had opportunities to use arts, deceptions and false promises, and if she became pregnant during such visits and opportunities, then these facts may be considered by you as tending to connect him with the commissson of the offense, if any."

1. CRIMINAL law : seduction : evidence.

In the case at bar the jury were directed they might find the defendant guilty (the other facts necessary being established), if they believed from the evidence the defendant had the opportunity to "use arts, deceptions and false promises." We do not believe this is the law. If so, it may be safely affirmed, if the evidence introduced is to be believed, there were a score of men who had equal opportunity to commit the offense as had the defendant. The only false promises or deceptions, according to the evidence of the prosecutrix, was a promise of marriage and expressions of love and affection. The fact the defendant had the opportunity to use such deceptions, conceding them to be such, is not sufficient as corroborating evidence. It will be observed the court did not say to the jury that if they found all the matters refered to in the instruction to be true, then they might if they saw proper find the corroborating evidence sufficient, but that each circumstance so tended and it was for them to say whether it was sufficient or not. As to the fact of pregnancy there was no doubt. This being so the effect of the instruction was that the jury might, if they saw proper, find opportunity to use arts, deceptions and false promises, was sufficient as "corroborating evidence tending to connect the defendant with the commission of the offense." Code, § 4560.

In *The State v. Painter*, 50 Iowa, 317, it was held the opportunity to have sexual intercourse "did not constitute the opportunity required to commit the crime of seduction" upon two grounds: *First.* Opportunity for intercourse did not constitute the crime, and by way of argument, as applicable to the instruction in that case, it was said in substance the opportunity must be such as to accomplish the intercourse, and also, the use of the seductive means to reach that result. *Second.* That opportunity to have sexual intercourse did not constitute the required evidence, because as applied to the evidence in that case a score of other men had the same opportunity, and, therefore, the defendant was not singled out from other men, and that such evidence did not constitute the

evidence required to convict. Therefore, under the instruction the jury might conclude the mere opportunity therein referred to was sufficient.

REVERSED.