THE STATE OF IOWA, Appellee, v. GEORGE CHAPMAN, Appellant.

1. **Rape:** EVIDENCE: CORROBORATION. In a prosecution for rape, evidence that the prosecutrix and the defendant were seen walking along the track of a railroad just prior to the time of the alleged rape, is not, without more, such corroboration of the prosecutrix as the statute requires.

2. **Assault With Intent to Commit Rape:** SUFFICIENCY OF EVIDENCE. Evidence in such case that the prosecutrix was nineteen years of age; that she and the defendant were well acquainted, and that he had made improper proposals to her prior to the time of the alleged rape; that she did not, on account of such proposals, avoid his society; that, at the time of the alleged rape, when the proposal was made to her, she walked away, but returned to him upon his request; that when the proposal was renewed she, in· a bantering way, told him that he was not strong enough; that a struggle then ensued resulting in sexual intercourse; that she did not afterward shun the defendant's company, nor make complaint of his conduct to any one, until her delicate situation made it necessary for her to tell her mother; *held*, not sufficient to support a verdict of guilty of an assault with an intent to commit rape.

*Appeal from Black Hawk District Court.*—HON. JOHN J. NEY, Judge.

THURSDAY, MAY 18, 1893.

INDICTMENT for rape. There was a verdict for an assault with intent to commit a rape, and the defendant appeals.—*Reversed.*

*Hemenway & Grundy,* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A. Cheshire,* for the State.

GRANGER, J.—The prosecuting witness is one Bina Mork, who was at the time of the alleged offense about

nineteen years of age. The following statement of facts, as disclosed by her testimony, we take from the argument of the appellee: "It appears therefrom that Bina Mork, a girl nineteen years old, who had known the defendant about three years, was going with him on foot from Cedar Falls to her home, about six miles distant; that the two walked on the Illinois Central Railway track a portion of the way home. About three miles from Cedar Falls, at the solicitation of the defendant, they 'cut across the fields,' that they might reach home by a shorter and quicker route. She consented to go by the nearer route without much dissent, and after they had started across the fields, and on coming to low ground covered with short grass, the defendant made improper proposals to her. The testimony shows that she first walked away, and that he asked her to come back, and to stop, that he wanted to speak to her. She at first refused, saying that she wanted to go home. He called her again, and, after some parleying, she came back to where he was standing. He then renewed his proposals, which she rejected, and finally, in a bantering way, gave him to understand that he was not strong enough. The testimony shows that he seized her, there was a struggle, and he threw her down, and against her wishes and desires had improper relations with her; she at the time endeavoring to free herself from his grasp and make her escape."

I. The only corroboration relied upon, as stated by the district court in its instructions, is that of two

1. RAPE: evi-
dence: cor-
roburation.

witnesses who testified that they saw the defendant and the prosecuting witness together on the track of the Illinois Central Railway at the time of which she testified. They saw nothing more. They did not see them leave the track, nor give a word of testimony corroborating the complainant, except that the defendant was with

her on the track.  There is nothing in such testimony
tending to connect him with the offense.  Nothing in
their testimony shows the parties out of the sight of
others, so that there was really an opportunity to com-
mit such an offense.  This court has said that it is not
enough, as corroboration, to show an opportunity in
seduction cases, and surely no less will suffice in a case
of this kind.  *State v. Painter*, 50 Iowa, 317; *State v.
Araah*, 55 Iowa, 258.

. II.  For the crime of which the defendant stands con-
victed, an assault with intent to commit a rape, cor-
roboration is not essential, if the testimony
**2. ASSAULT with
int'nt to com-
mit rape: suffi-
ciency of
evidence.**
roboration is not essential, if the testimony
of the prosecutrix is otherwise sufficient.
It may be conceded that there was sexual
intercourse between the prosecuting wit-
ness and the defendant at the time of the alleged
offense.  The statement above quoted, which is that of
the appellee, is a comparatively strong showing that
there was no assault with intent to commit a rape.
The statement might be made much broader from her
testimony on the trial.  The statement shows that,
without any suggestion of or attempt at force on his
part, but in response to his "proposals" for inter-
course, which she declined, she, "in a bantering way,
gave him to understand that he was not strong
enough" to have intercourse with her, and that what
he did was in pursuance of her bantering statement.
This was not the first time he had made such proposals
to her, and while she claims, in parts of her testimony,
that she tried to avoid being in his company alone, the
reverse of it appears quite unmistakably certain.  With
full knowledge of his desires, and his disposition to
urge them when opportunity offered, she gave him
such opportunities when they could and should have
been avoided.  Her own statements show that on the
day of the alleged offense, after his proposals, she
walked away, and then came back, upon his invitation,

to talk with him, when it was manifest that the talk would be to further press his solicitations for intercourse; and it was after she came back, and he renewed his proposals, that she made the "bantering" statement. Her failure afterwards to make known the occurrence until her delicate situation made it necessary to tell her mother, her going directly to the home of the defendant, where she worked, with him, or nearly there, and her entire conduct after the affair, taken in connection with that previous, presents a state of facts so inconsistent with her forcible defilement, which must have been under her statements, that we think the verdict without sufficient support, because of which the judgment is REVERSED.