STATE OF IOWA V. LAWRENCE FOUNTAIN, Appellant.

**Rape:** CORROBORATION. *Instructions.* Under Code, section 5488, providing that a person accused of rape cannot be convicted upon the testimony of the prosecutrix unless she be corroborated by other evidence ' tending to connect the defendant with the * * * offense," it was reversible error to charge that there could be no conviction unless her "claims" were corroborated, and that there must be corroborating evidence to establish the "truth" of her testimony. If her evidence was corroborated as to any of its parts, this would tend to establish her claims and to show the truth of her testimony, and yet such corroboration might be as to a part which did not connect defendant with the commission of the crime charged.

CONSTRUED TOGETHER. Inaccurate instructions in a prosecution for rape upon a female child under the age of fifteen years, limiting the jury to the consideration of questions as to age and intercourse, were not prejudicial to defendant, when followed by a

direction to acquit unless they found he had intercourse with her
when she was under that age within eighteen months before the
return of the indictment.

*Appeal from Johnson District Court.*—Hon. M. J. Wade,
Judge.

· Friday, December 15, 1899.

The defendant was convicted of the crime of rape, and
from the judgment, which required that he be imprisoned
in the state penitentiary at Anamosa at hard labor for the
term of two years, he appeals.—*Reversed.*

*Jas. Hart* and *Ranck & Bradley* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van
Vleck,* Assistant Attorney General, for the state.

Robinson, C. J.— The indictment charged that on the
30th day of December, 1897, the defendant did carnally
know and abuse one Hattie Carnott, a female child under
the age of fifteen years.

I. The district court charged the jury that there were
but two questions in the case: (1) As to the age of Hattie
Carnott; (2) as to whether the defendant had intercourse
with the said Hattie Carnott. It is objected that other
questions than the two stated were made on the trial, and
that the jury should have been instructed more definitely.
Thus, it is not disputed that Hattie Carnott was fifteen years
of age on the 5th day of May, 1898, and there was evidence
on the part of the defendant to show that she was of that
age at an earlier date. It is said that the court did not limit
the inquiry of the jury to the time before she had
attained that age; also that it is not certain that the
act in question was committed in Johnson county.
The part of the charge referred to was not strictly accurate
in respect to the matters pointed out, but prejudice to the

defendant could not have resulted from the inaccuracies, for the reason that by another portion of the charge the jury was directed to return a verdict of not guilty unless it found beyond a reasonable doubt that the defendant had sexual intercourse with Hattie Carnott, in Johnson county, within eighteen months prior to the date on which the indictment was returned, and that at the time of the intercourse she was under the age of fifteen years.

II.    The court charged the jury as follows: "It is the law that in cases of rape the defendant cannot be convicted upon the testimony of the prosecuting witness alone; there must be other evidence to corroborate the claims of the prosecuting witness. So that in this case you would not be justified in convicting upon the testimony of Hattie Carnott alone. There must be other corroborating evidence, tending to establish the truth of her testimony; and it is for you to say whether there is sufficient evidence in this case, aside from the evidence of Hattie Carnott, to corroborate and tend to establish the truth of her evidence. If not, there can be no conviction." Section 5488 of the Code contains the following: "The defendant in a prosecution for rape  *   *   *  cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense." It is said by the defendant that testimony might corroborate the claims of Hattie Carnott which did not tend to connect him with the commission of the offense. The "claims" of the prosecutrix include all the claims she makes, which are, in substance, that the defendant had sexual intercourse with her in Johnson county when she was under fifteen years of age, and within eighteen months of the time when the indictment was returned. Strictly speaking, the first part of the paragraph quoted required evidence to corroborate all of the claims of the prosecuting witness in order to convict, and not merely corroboration

which tended to connect the defendant with the commission of the offense, and therefore required more proof than the statute made necessary to a conviction. Hence, if the jury adopted that view, prejudice could not have resulted, although the statement of the law was erroneous. But it is not certain that the jury adopted the interpretation suggested. Much of what we have said of the first part of the paragraph quoted is applicable to the portion which instructed the jury that it would not be justified in convicting upon the testimony of the prosecutrix alone, but that "there must be other corroborating evidence, tending to establish the truth of her testimony." If the jury understood from that statement that there must be evidence tending to establish the truth of each part of the testimony of the prosecutrix, it was not prejudicial to the defendant, but evidence which merely tended to establish the truth of a part of her testimony would be evidence tending to establish the truth of testimony she gave. It follows that, if her testimony was corroborated in some respects, although by evidence which did not tend to connect the defendant with the commission of the offense charged, nevertheless the corroboration would tend to establish the truth of her testimony. The interpretation last suggested is one which the jury may well have adopted. It is claimed that this portion of the charge was authorized by what was said in State v. French, 96 Iowa, 225. It appears in that case that the trial court instructed the jury that, to justify a conviction, the prosecutrix must be "corroborated by other evidence tending to connect the defendant with the commission of the crime," thus following the statute. In one portion of the charge, however, it was stated that "the corroborating evidence required to warrant a conviction must be evidence tending to strengthen and corroborate" the prosecutrix. The word "tending," as thus used, was criticised, and it was said, as the court had used both of the words "strengthen" and "corroborate," or more than the statute required, the defendant

could not well complain. The question now before us does not appear to have been considered, and was not determined in that case. We conclude that the court erred in giving the portion of the charge quoted, and the judgment of the district court is therefore reversed, and the cause is remanded for a new trial.— REVERSED.

GRANGER, J., not sitting.