## STATE OF IOWA v. ED. EGBERT, Appellant.

**Rape:** DECLARATIONS OF PROSECUTRIX. In a prosecution for assault with intent to commit rape, the declarations of prosecutrix not a part of the *res gestæ* but made when defendant was brought before her for identification, are inadmissible.

**Corroboration.** The testimony .of the prosecutrix alone is not sufficient
2  to connect a defendant with the crime of assault with intent to
commit rape.  Evidence considered and held insufficient to consti-
tute corroboration as required by Code, section 5488.

**Corroboration:** OPPORTUNITY. Opportunity alone is not of itself, ·
3  under some circumstances, such corroborating evidence tending to
connect defendant with the crime of assault with intent to commit
rape, as the statute requires.

**Instructions:** INCLUDED OFFENSES.  On a prosecution for assault with
4  intent to commit rape, where the indictment charged the act to have
been " with force and violence " and the evidence of violence was
such as tended to constitute a battery or possibly assault with
intent to do great bodily injury, the jury should have been in-
structed as to the included crimes.

*Appeal from Monroe District Court.*— HON. C. W. VER-
MILLION, Judge.

THURSDAY, OCTOBER 27, 1904.

DEFENDANT was found guilty under an indictment
charging him with assault with intent to commit rape, and
sentenced to imprisonment in the penitentiary for six
years, from which sentence he appeals.— *Reversed.*

*N. E. Kendall,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De
Graff,* Assistant Attorney General, for the State.

MCCLAIN, J.— The evidence tended to show that on
Saturday, the 11th day of October, 1902, at about half past
ten o'clock in the forenoon, the prosecuting witness, 13
years of age, started from the town of Melrose for her home,
which was about two and one half miles from town south and
east.  She proceeded south along a highway about one hun-
dred and ten rods, and then turned east along another high-
way, and had gone about thirty-five rods, when she was
assaulted by a man who, when she first saw him, was sitting
under a tree.  There is no question as to the brutal nature

of the assault, the sole controversy before the jury being as to the identity of the defendant with the person who committed the crime.

I.    Immediately after prosecutrix escaped from her assailant she went to the nearest house, and made complaint, and gave a description of the man who had assaulted her.

1. DECLARATIONS OF PROSECUTRIX.    The next day (Sunday) prosecuting witness was at the house of one Robinson in the town of Melrose, in the afternoon, when the sheriff, who, as she knew, had, with others, been engaged in the search for the person who had committed the assault, came to Robinson's with the defendant, and she was allowed to testify that she then recognized the defendant as the man who committed the assault, and declared to others that she so recognized him.    Counsel for defendant complain of the action of the court in overruling defendant's objection to the testimony of the witnesses who were present as to what the prosecuting witness said on that occasion.    In this ruling we think there was manifest error.    The words or conduct of the defendant when confronted by the prosecutrix and accused by her might be shown by the State for the purpose of establishing an admission by him of his guilt.    *State v. Dennis,* 119 Iowa, 688, 692.    But we know of no authority for admitting proof of the declaration of the prosecuting witness not constituting a part of the *res gestœ* with reference to the identity of the defendant with the person committing the crime.    Certainly it is not competent to thus build up a case against defendant by proving declarations of the prosecuting witness with reference to his identify.    *Hopt v. Utah,* 110 U. S. Rep. 574 (4 Sup. Ct. 202, 28 L. Ed. 262); *Reddick v. State,* 35 Tex. Cr. R. 463 (34 S. W. Rep. 274, 60 Am. St. Rep. 56).    Of course, the fact of complaint by prosecutrix may be shown, and no doubt as a witness she may testify that she recognized the defendant as the person who committed the crime, but what she said is not in itself competent evidence on the question of identity.

II.   At the close of the evidence for the State defend-
ant demurred to the evidence offered on the ground that
there was a total absence of testimony, other than that of
the prosecutrix, tending to connect the defend-
ant with the commission of the offense, and
this demurrer was overruled.   In this, we think, there was
error.   It is provided, in Code, section 5488, that: " The
defendant in a prosecution for   *   *   *   assault with
intent to commit rape   *   *   *   cannot be convicted upon
the testimony of the person injured unless she be corrobo-
rated by other evidence tending to connect the defendant
with the commission of the offense."   It is well settled that
the corroborating evidence must be other than the evidence
of the prosecutrix, and must tend to single out the defendant,
and identify him as the person who committed the crime.
*State v. Carnagy,* 106 Iowa, 483; *State v. McGinn,* 109
Iowa, 641; *State v. Fountain,* 110 Iowa, 15.

*2. Corrobora-
tion.*

Aside from the testimony and declarations of the prose-
cuting witness, the only evidence relied upon by the State to
connect the defendant with the commission of the crime was
the testimony of witnesses who said that at the time the
prosecutrix passed south along the highway, just prior to
the assault, they saw the defendant passing along the high-
way right ahead of her; and other testimony to the effect
that about half past eleven o'clock on the forenoon of the
day on which the assault was committed defendant was seen
in the town of Melrose, coming from the south.   No witness
save the prosecutrix testifies to having seen defendant in the
immediate neighborhood where the assault was committed,
nor, indeed, to having seen anything of him between the time
he was going south and the time about an hour later, when
he was in Melrose, coming from the south.   It is proper
to say, also, that the prosecuting witness testified that she
did not see the defendant or any other person going south
along the highway in front of her before the assault, and
that the witnesses who testified that they saw defendant on

the highway, either going south or returning north, were very indefinite as to their recollections in the matter. But, conceding that there was some evidence that defendant was seen preceding the prosecutrix, and subsequently entering the town from the south, we think that this was not sufficient to constitute the corroboration required by statute. The crimes of rape and assault with intent to commit rape, as has often been said, are easily charged and difficult to disprove. The just indignation felt by all right-thinking persons when a bestial assault has been made upon a girl predisposes jurors to accept as sufficient any evidence which, to their minds, tends to connect the accused with the commission of the crime. It was with the very purpose of protecting those who might be accused of such crimes from conviction without satisfactory evidence of guilt that the statutory provision was enacted, and it is our duty to apply the statute without hesitation, and give to it its reasonable interpretation, regardless of the effect which may result from its application in any particular case.

Counsel for the State have urged upon us a consideration of the cases of *State v. Fountain,* 110 Iowa, 15, *State v. Peterson,* 110 Iowa, 647, and other cases in which language is used with reference to corroboration in such cases which, as they claim, would justify the jury in considering the complaints made by the prosecuting witness, the condition of her underclothing, and her description of the defendant, as sufficient in this case to constitute the corroboration required by the statute. But counsel have entirely misconceived the meaning of the language used by the court in the cases referred to. The complaints of prosecutrix, soon after the commission of the crime, and the condition of her body and clothing, may constitute corroboration of her testimony that a crime has been committed, but they cannot possibly constitute the corroborating evidence required by the statutory provision above referred to. Certainly the declarations of prosecutrix identifying the defendant as the person who

committed the crime can have no greater weight than the testimony of prosecutrix under oath to the same effect; but by the statutory provision the testimony of prosecutrix alone is insufficient to justify a conviction. As we understand the instructions given, they are to the effect that declarations of the prosecutrix, made after the assault, and tending to identify the defendant as the person who committed the crime, would not in themselves constitute sufficient corroboration; and, if the instructions are to be so interpreted, then the verdict lacks support in evidence tending to corroborate the prosecutrix in connecting the defendant with the crime, and is also contrary to the instructions. But it is sufficient to say on this point that, in the absence of any such corroborating evidence, the court should, on defendant's motion, have directed a verdict in his favor.

III. The defendant asked the court to instruct that proof of the presence of defendant in the vicinity where the assault was committed, if it was committed, at about the time of the commission thereof, and his opportunity, by reason of such proximity, to assault the prosecutrix, would not of itself be corroborative evidence tending to connect the defendant with the commission of the offense; but the court refused to give this instruction, and gave none as to the effect of evidence of mere opportunity. The instruction asked may perhaps have gone too far, for we can well imagine circumstances under which proof that the defendant was seen in the immediate vicinity of the commission of the crime at a time very near to that at which the crime was committed might tend to identify him as the person who committed it. But under some circumstances it has properly been held in cases of this character that opportunity alone is not of itself such corroborating evidence tending to connect the defendant with the commission of the offense as the statute requires. *State v. Wheeler,* 116 Iowa, 212; *State v. Chapman,* 88 Iowa. 254. In view of

3. CORROBORA-
TION: oppor-
tunity.

the nature of the evidence as already detailed, we think some instruction on the subject would have been proper.

IV.   Complaint is made that the court failed to instruct the jury with reference to assault and battery and assault with intent to inflict a great bodily injury as included

**4. INSTRUCTIONS: included offenses.** crimes.   The jury were instructed that, if they found defendant pursued prosecutrix, and caught her, and threw her down, they would be justified in finding that he committed an assault.   But the indictment charged the act to have been committed " with force and violence," and the evidence tended to show violence such as to constitute a battery, and, indeed, such as might have evidenced an intent to commit great bodily injury, and the jury should have been instructed as to these possible included crimes.   *State v. Wolf,* 112 Iowa, 458; *State v. Trusty,* 122 Iowa, 82; *State v. Hutchinson,* 95 Iowa, 566; *State v. Kyne,* 86 Iowa, 616.   It will not do to say that, if the jury found the defendant guilty of any crime, they must have found him guilty of assault with intent to commit rape, inasmuch as the prosecutrix was under the age of consent; for they might, under the evidence, have found sufficient basis for a conviction of assault and battery, or assault to inflict great bodily injury, from the testimony of prosecutrix alone, although there was not the corroboration required for a conviction of assault with intent to commit rape.

For the errors pointed out, the conviction must be set aside, and the case remanded for a new trial.— *Reversed.*