STATE OF IOWA, Appellee, v. CHARLES LAMBERTI, Appellant.

**RAPE: Corroboration—Insufficiency.** Corroboration of a charge of rape may not rest on the facts that the accused expressed his affection for the prosecutrix shortly after the commission of the alleged offense; that he then attempted to meet the prosecutrix; that, when arrested, he asked the officer if there was some way to settle the matter and avoid going to jail; and that he might have had the opportunity to commit the offense.

**Headnote 1:** 33 Cyc. p. 1498.

*Appeal from Dallas District Court.*—W. G. VANDER PLOEG,
Judge.

December 15, 1925.

The defendant was convicted of the crime of statutory rape.—*Reversed.*

*Royal & Royal* and *E. W. Dingwell,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

Faville, C. J.—The prosecuting witness is a girl about eleven years of age. Appellant is a man about thirty-eight years of age. The prosecuting witness lived in her father's family, and appellant roomed there. At the time of the transaction in question, the mother was away from home. After the family had breakfast, appellant complained of a headache, and retired to his room and went to bed. The father went to his work in the coal mine, and, as we gather from the evidence, no one was about the premises except appellant and the prosecuting witness. According to her testimony, appellant called her to his room and there accomplished the act for which he was indicted and convicted.

The only question involved in this appeal is whether or not, under the record, there is any sufficient corroboration of the claim of the prosecuting witness to meet the requirements of the statute. Three items of evidence are all that are in the record upon which a claim of corroboration could be placed. Appellant continued to remain at the home of the prosecuting witness for at least about a week after the transaction complained of. The little girl made no complaint to her mother for approximately two months after the event, and her occasion for making such complaint was due to the receipt of a letter from appellant which came into the hands of the mother. This letter was written about the middle of May, and the transaction for which appellant is indicted occurred in the previous February or fore part of March. The letter makes no reference whatever, either directly or indirectly, to the transaction in question. It contains many expressions of endearment and affection for the prosecuting witness, and requests her to keep a clandestine appointment with him at a garage some night. He expressed

in the letter a great desire to see the prosecuting witness, and suggested to her to wait some night until all of the persons in the house were asleep, and then to come out and meet him at the garage. There is no suggestion in the letter about the purpose of the meeting. As before stated, it contains many terms of endearment, and a suggestion of a desire to purchase some shoes and a car as gifts for the prosecuting witness. There is no possible construction that can be placed upon this letter to in any way connect appellant with the commission of the offense charged, in the preceding February or March. Its admissibility being conceded, for the sake of the argument, as showing the relation existing between the parties at the time the letter was written, and its bearing upon appellant's disposition toward the prosecuting witness at said time, it still falls far short of the requirements of corroboration.

Another item that purports to be a corroboration is the testimony of the officer who arrested appellant, and who testified that, shortly after the arrest, and while appellant was in his custody, he said to the officer, "Can there be any way to settle this and not go to jail?" It cannot be successfully contended that this remark to the officer is sufficient to constitute the corroboration of the offense charged, which the statute requires.

It is also argued that appellant created the opportunity for the commission of the offense, and that this furnishes the necessary corroboration of the story of the prosecuting witness. The claim is that appellant created the opportunity by remaining at the home of the prosecuting witness after the other members of the family had gone, and that he pretended to have a headache, and called to the prosecutrix to come to his room, and thereby created the opportunity for the commission of the offense. The testimony in regard to this rests wholly with the prosecuting witness, and is only a part of her recitals of the transaction in question. Appellant admits that he remained at the house the day the offense is alleged to have been committed, but insists that he was in his room, and that he did have a headache, and remained there for that reason. The testimony at this point fails to establish any more than that appellant was at the house where it is claimed the crime was committed, and might have had an opportunity to do so; but this, without more, is

clearly not sufficient. For a discussion of the question involved at this point, see *State v. Smith,* 194 Iowa 639.

We have searched the record with care, and fail to find therein any single item of evidence that could in law constitute the corroboration which is essential to support a conviction in this class of cases. The statute is imperative, and leaves us without any discretion in the matter. A conviction cannot be supported in a case of this kind upon the uncorroborated testimony of a prosecuting witness. We fail to find in the record as made any such corroboration as the law contemplates and as the statute requires.

It therefore follows that the judgment appealed from must be, and it is,—*Reversed.*

STEVENS, DE GRAFF, and ALBERT, JJ., concur.