STATE OF IOWA, Appellee, v. HOWARD HATCHER et al., Appellants.

**RAPE:** Corroboration—Insufficiency. Evidence to the effect that one convicted of assault with intent to commit rape requested, on the occasion in question, the privilege of taking the prosecuting witness and her adult female relative to their home is wholly insufficient to show that the accused deliberately created an opportunity for committing the crime charged, which would, in itself, constitute sufficient corroboration. (See Book of Anno., Vol. 1, Sec. 13900, Anno. 25 *et seq.*)

Headnote 1:  33 Cyc. p. 1498.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

APRIL 6, 1926.

A joint indictment for statutory rape. The defendants entered a plea of "not guilty," and were tried jointly. The jury found each of the defendants guilty of assault with intent to commit rape, and they appeal.—*Reversed.*

*R. J. Organ* and *William P. Welch,* for appellants.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

FAVILLE, J.—The prosecuting witness, at the time of the transaction involved, was about thirteen years and nine months of age. She weighed 106 pounds, and was well developed, and appeared to be about sixteen years of age. Appellant Riley was twenty years of age, and appellant Hatcher twenty-one years of age.

The 14th day of September, 1924, was a Sunday. The prosecutrix lived on a farm with her foster mother, who was also her grandmother, a short distance southwest of the town of Mondamin. On the afternoon of the day in question, the prosecuting witness and her cousin, one Ledith Hirst, and her foster mother attended a moving picture show at the town of Missouri Valley. Ledith Hirst is a woman about twenty-four years of age, and married, but was not living with her husband. She is the mother of three children. As the parties left the moving picture show, about five o'clock in the afternoon, they met appellant Hatcher. It was arranged that Hatcher and Ledith Hirst should take the prosecutrix home. The foster mother, Mrs. Smith, testified that the plan was that they were to follow immediately behind the car in which Mrs. Smith was riding. Hatcher and Ledith Hirst and the prosecutrix started, in Hatcher's car, and, before leaving Missouri Valley, picked up Riley. Thereafter, Hatcher and Ledith Hirst rode in the front seat, and Riley and the prosecutrix in the back seat. They stopped at a byroad in the country. The evidence of the prosecutrix is to the effect that Hatcher and Ledith left the car, and went into the woods near by, and were gone fifteen or twenty minutes; and that, while said parties were so gone, appellant Riley got out of the automobile and took the prosecutrix by the hand and pulled her from the car and committed the act complained of, by the side of the car. When Hatcher and Ledith returned, all of the parties got into the car and resumed their trip. Later on, it is the contention of the prosecutrix, Hatcher again drove the car off the main road and stopped, and Hatcher, who was driving, got out of the car, and Riley got into the front seat where Ledith Hirst was sitting, and then Hatcher took the prosecutrix from the car and ran with her about half a block in front of the car and threw her down in the road and there committed the act complained of. The parties drove on toward the home of the prosecutrix, and, shortly before reaching the home, met the foster mother of the prosecutrix on the highway. It is her contention that she signaled to the occupants of the car to stop the car, but they did not do so, and drove on to the home, and left the prosecu-

trix there. The foster mother did not return home immediately, but went for a short visit at the home of her mother, and, returning, met the car on the road again, and again signaled the occupants to stop, but they did not do so. There is no evidence that the occupants of the car recognized her upon either occasion. About ten o'clock of the morning following, the foster mother of the prosecutrix discovered stains upon a garment which the prosecutrix had worn the night before, and interrogated her about it; and, in answer to questions, the prosecutrix told of the transactions substantially as testified to by her on the witness stand. The prosecutrix was examined by two doctors shortly thereafter, and later by two other physicians. All of the physicians agreed that there was no rupture of the hymen, one testifying that there was evidence of a slight scratch upon it, which, the evidence shows, might have been caused by some sharp instrument.

Ledith Hirst was a witness in behalf of the State, and testified in regard to the trip that was made by the parties, but positively denies that any such transactions took place as testified to by the prosecutrix. She testified that she and Hatcher got from the automobile and went a few feet distant and sat on the ground, watching a swarm of bees; that she heard no sounds from the car where Riley and the prosecutrix were sitting; that, upon her return, there was nothing unusual about the appearance of the prosecutrix; that no complaint of any kind was made; and that Riley and the prosecutrix were sitting in the back seat. The witness denied that any such transaction took place between the prosecutrix and Hatcher as was described by the prosecutrix.

Appellants moved for a directed verdict, which the court overruled.

It is elementary in this state that the defendant in a prosecution for rape cannot be convicted upon the testimony of the person injured unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense. Section 13900, Code of 1924. We have construed this statute many times, and have repeatedly held that, although the proof of the commission of the crime by someone may rest

upon the uncorroborated testimony of the prosecutrix, this alone is not sufficient to warrant a conviction, unless the prosecutrix is corroborated by other evidence which tends to point out and designate the defendant and connect him with the commission of the offense.   In the instant case, we think it must be held that there is no sufficient evidence to take the case to the jury, corroborating the prosecutrix and tending to point out and connect appellants with the commission of the offense charged. The only eyewitness whose testimony would tend to connect appellants with the commission of the offense charged, positively and unequivocally denies that any such transaction took place. The State argues, however, that the necessary corroboration in this case is found in the fact that appellants had an opportunity to commit the offense, and that the opportunity was of appellants' own creation.   Conceding that there may be circumstances under which the intentional and purposeful creation of an opportunity to commit an offense of this kind may be sufficient to carry the case to the jury on the question of corroboration, we think that the evidence in the instant case furnished no such evidence of a preconceived and created opportunity as to furnish the necessary corroboration.   In this case, with the full knowledge and consent of the foster mother, prosecutrix and the parties started out on an automobile ride on Sunday afternoon.   It would be going a long way to hold that the mere fact that one of appellants asked the privilege of taking the prosecutrix home from Missouri Valley to Mondamin, on Sunday afternoon, in an automobile, with her cousin, a woman twenty-four years of age, and all with the consent and approval of the foster mother of the prosecutrix, affords such evidence of the deliberate creation of an opportunity to commit rape with the prosecutrix upon the public road as furnishes the corroboration necessary under our statute.   As bearing on the question, see *State v. Smith*, 194 Iowa 639, and cases cited therein; *State v. Lamberti*, 200 Iowa 1241.

Upon the record as made upon the trial in the lower court, appellants were entitled to a directed verdict, and their motion

therefor should have been sustained. The judgment appealed from must be reversed, and the cause remanded.

It is so ordered.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.