STATE OF IOWA, Appellee, v. FRANKIE G. GREINER, Appellant.

RAPE: Corroboration—Demeanor of Accused. The demeanor of the defendant when identified by the prosecutrix after his arrest, in simply "dropping his head and remaining silent," is wholly insufficient to constitute the required corroboration.

Headnote 1:  16 C. J. pp. 631, 632; 33 Cyc. p. 1498.

Headnote 1:  22 R. C. L. 1224.

*Appeal from Keokuk District Court.*—D. W. HAMILTON, Judge.

## MARCH 8, 1927.

The defendant appeals from a conviction of the crime of rape and a judgment sentencing him to the Reformatory at Anamosa until lawfully released.—*Reversed and remanded.*

*Frank Beatty* and *Devitt & Eichhorn,* for appellant.

*John Fletcher,* Attorney-general, and *Robert J. Shaw,* County Attorney, for appellee.

STEVENS, J.—The indictment in this case charges the crime of rape committed by the defendant upon a female child under the age of sixteen years. According to the testimony of the prosecutrix, the act was accomplished by force. According to her testimony, she was forced to enter a Ford sedan on a public street in Richland, Iowa, between 7:30 and 8 o'clock on the evening of April 15, 1924, and taken to a place in the country, where the act was consummated. Immediate complaint was made by prosecutrix to her mother, to whom she exhibited her disordered clothing. No one saw her enter the sedan, or anything that occurred thereafter. The defendant was arrested shortly afterwards, and placed in jail. The prosecutrix did not know his name, on the evening in question. On the morning of April 17th, she accompanied her father, mother, and the county attorney to the jail, for the purpose of identifying the defendant. He was brought into the jail corridor with five other men, and the prosecutrix was asked to designate her assailant from among the number. This she did by pointing out the defendant. She testified that, when she pointed him out, he said nothing, but dropped his head. Lloyd Parcell and Dr. Dodds, who were present, also testified that the prosecutrix identified the defendant as her assailant. Parcell corroborated her testimony that the defendant dropped his head, but the witness Dodds testified that the defendant neither said nor did anything.

It is well settled in this state that the commission of the crime of rape may be established by the testimony of the prosecutrix alone. Dr. Dodds, who examined the prosecutrix on the evening of April 15th, described the condition of her vagina, and fully corroborated her claim that she had recently had sexual intercourse with someone.

Proof of the commission of the crime, however, is not alone sufficient to convict. Section 13900 of the Code of 1924 provides that the defendant in a prosecution for rape "cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense." The occurrence at the county jail on the morning of April 17th is the sole testimony relied upon by the State to supply the required corroboration. The most that can be claimed for this testimony is that, when the defendant was pointed out by prosecutrix as her assailant, the defendant said nothing, and dropped his head. This testimony is obviously insufficient to meet the requirements of the statute. The crime committed upon the prosecutrix was a shocking and repulsive one, and the trial court, fully realizing the weakness of the testimony relied upon to corroborate the prosecutrix, submitted the case to the jury with instructions intended, so far as possible, to protect the rights of the defendant; but, in the absence of some testimony tending to corroborate that of the prosecutrix, tending to connect the defendant with the commission of the offense, the case could not properly be submitted to the jury.

The court in its instructions submitted, as the only corroborating circumstance, the demeanor of the defendant when identified by the prosecutrix. There is no standard of demeanor by which the act of the defendant on this occasion may be judged. The mere dropping of his head was as consistent with innocence as with guilt. He said nothing; neither admitted nor denied guilt.

It is the rule in this state that, if there is any testimony, independent of that of the prosecuting witness, tending to single out and designate the defendant as the guilty one, its sufficiency is a question of fact for the jury. In our opinion, there is no corroborative testimony in this case. The jury could have done nothing more than to speculate as to whether the demeanor of

the defendant was indicative of guilt or of some other emotion or reaction. The conviction cannot, because of the total absence of statutory corroboration, be permitted to stand. *State v. Powers,* 181 Iowa 452; *State v. Wheeler,* 116 Iowa 212; *State v. Lamberti,* 200 Iowa 1241.

Our conclusion on this point makes it unnecessary for us to consider the remaining assignments. It follows that the judgment of the court below must be reversed and remanded. It is so ordered.—*Reversed and remanded.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.