STATE OF IOWA, Appellee, v. ARTHUR LEHMAN, Appellant.

No. 45494.

Marcii 18, 1941.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, R. A. Knudson, County Attorney, and Donald J. Mitchell, Assistant County Attorney, for appellee.

Horace J. Melton, for appellant.

Per Curiam.—According to Dorothy Bruce, prosecuting witness, on April 20, 1940, Saturday evening, at 7:30 p. m., she was in northwest Fort Dodge, walking home in a westerly direction. The sidewalk on which she walked was on the right-hand side of the road as she walked in that direction. The road was an arterial highway on which there were cars constantly coming and going.

At that time and place a car drew up behind her and stopped. The door opened and she got in without seeing who it was. At the place there were no street lights, and, it being one-half hour after sunset, it was so dark that she could not see the driver until she got into the seat of the car. After getting into the car she shut the door and then looked over to see who it was. Then, she says, she realized that it was not the neighbor boy she thought it was, but by that time the driver had started up the car and she could not get out.

From there the car was driven through the westerly part of Fort Dodge toward the Fortkonsa Club and to a point outside the city limits. There she was forcibly attacked and the act of intercourse was consummated. The attack was completed about 8 o'clock. She then got out of the car and ran down the

road where a family by the name of Cibert picked her up and took her home.

Arthur Lehman was indicted by the grand jury of Webster county, charging him with the crime of statutory rape. There was a trial to a jury, which returned a verdict of guilty. The defendant has appealed.

At the outset, in this case we are met with the claim that the testimony of the prosecutrix is insufficiently corroborated. The people of Iowa have seen fit to have written into the statutes of this state, an act requiring that one charged with the crime of rape "cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense." Section 13900, 1939 Code of Iowa.

The purpose of the statute is clearly stated in State v. Egbert, 125 Iowa 443, 447, 101 N. W. 191, 192 (quoted with approval in State v. Lahmon, 229 Iowa 871, 295 N. W. 148), as follows:

"The crimes of rape and assault with intent to commit rape, as has often been said, are easily charged and difficult to disprove. The just indignation felt by all right-thinking persons when a bestial assault has been made upon a girl predisposes jurors to accept as sufficient any evidence which, to their minds, tends to connect the accused with the commission of the crime. It was with the very purpose of protecting those who might be accused of such crimes from conviction without satisfactory evidence of guilt that the statutory provision was enacted, and it is our duty to apply the statute without hesitation, and give to it its reasonable interpretation, regardless of the effect which may result from its application in any particular case."

With these rules of law in mind, we turn to the record in the case at bar. Dorothy Bruce was walking home on the evening of April 20, 1940, at about the hour of 7:30. The sidewalk on which she was walking was along the main highway that leads into Fort Dodge from the west and northwest. A car stopped beside her, the door opened and she got in. She thought it was a neighbor boy, and, as it was dark, she did not know who the driver was until she got into the car. She tried to get out but was unable to do so. There is no testimony of any witness as to who was the driver

of the car, with the exception of the prosecutrix, who identified the appellant as the driver.

The State admits the question of corroboration is close and claims the following incidents, shown by the evidence, furnish corroboration.

First, the brother of prosecutrix identified the car of the appellant as the automobile which his sister got into on the evening of April 20th.

The brother, a boy of 18 years of age, saw his sister, the prosecutrix, on the evening of April 20th as she was walking down Hawkeye Avenue towards her home. He was riding in a car with a friend. He testified that he saw a car going in the opposite direction; that it slowed up and stopped beside his sister; that he saw the car door open and his sister walk toward it. He thought it was a neighbor boy, who had a Dodge car. Appellant's car was a Plymouth. It was dusk and he did not see who was driving the car. Conceding that the brother did identify the automobile of the appellant as the one which stopped and his sister got into that night, that does not identify the appellant as the driver of the car.

Directly in point to the effect that Merwyn Bruce's testimony in any event cannot constitute the corroboration required by section 13900 is the case of State v. Brown, 146 Iowa 113, 116, 124 N. W. 899, 900, in which in a prosecution for adultery the attempt was made to corroborate the testimony of Mrs. Dow, the complaining witness, in the following manner:

"Aside from the evidence to which we have just referred, there is absolutely no circumstance of alleged corroboration shown which does not depend for its proof in whole or in part upon the testimony of Mrs. Dow. For instance, there is an effort to show that on the day of the alleged offense defendant drove out with her in a covered carriage in the direction of the alleged place of the adultery, taking a road leading past the home of the woman's daughter. Mrs. Dow so testifies, and the daughter swears that she saw a carriage of that kind pass but did not see or recognize either of the persons in it."

Holding that this was not corroborative of her testimony as to the identity of the defendant, this court said:

"No other person testifies anything whatever in corroboration of this statement. It is manifest that, if we look to the daughter's evidence alone, it in no manner tends to identify the defendant as an occupant of the carriage which passed the witness's house, and to consider the testimony of Mrs. Dow as to his identity in this connection is to say that she may be corroborated by herself."

Merwyn Bruce's testimony did not purport to go to the identity of the individual, but to a piece of machinery which stopped by his sister that evening. Such testimony falls short of the test adopted by this court.

Twelve days after the crime was committed, Chief of Police Ryan and Sergeant Kempley, of the Fort Dodge police force, examined Lehman's car and found, back of the cushion of the front seat, two bobby pins of different types. Dorothy Bruce testified that on the day of the tragedy she wore bobby pins of the kind found by the chief of police in appellant's car. A bobby pin is used by women to hold the hair in place. They are used regularly by many women. They are sold at almost every ten cent store. There was no special mark on these bobby pins; they were just ordinary bobby pins. Appellant's wife testified she used the same kind of bobby pins and rode often in the car with her husband, the appellant. They were not found until 12 days after the offense was committed. They do not in anyway tend to prove that the appellant was the driver of the car at the time the crime was committed.

The appellant testified on his own behalf, and admitted that he drove his automobile on the 20th of April. According to his testimony and that of another witness, appellant parked his car on the east side of 6th street, near the Columbia cafe, at about the hour of 7 p. m. That he left the car and visited with his wife and others at nearby cafes until after 11 p. m. when he went back to the place he parked the car, and drove it home. We fail to see where in anyway this corroborates the testimony of the prosecutrix that the appellant was the driver of the car at the time the offense was committed.

Appellant testified that he lived in southeast Fort Dodge; that he had not been that day in northwest Fort Dodge

where the crime was committed. Another circumstance which the state claims should be considered on the question of corroboration is the fact that the appellant had a sister living in the neighborhood of where the assault took place.

The prosecutrix testified she never saw the appellant before the evening she entered the car. The appellant testified he never saw Dorothy Bruce until the day he was arrested, 12 days after the offense was committed. No one testifies he was anywhere near the place the assault was committed, except the prosecutrix. The fact that he had a sister living in that part of Fort Dodge does not corroborate the testimony of the prosecutrix.

In considering this case we have not only read the abstract but the transcript of the evidence as well. Whoever assaulted Dorothy Bruce was guilty of a heinous crime but, under the law of this state, the testimony of the prosecutrix must be corroborated. This record fails to show the necessary corroboration, and it necessarily follows that the conviction cannot stand. —Reversed.

CHIEF JUSTICE and all JUSTICES concur.