STATE OF IOWA, Appellee, v. ERNEST HOWARD, Appellant.

No. 45443.

MAY 6, 1941.

REHEARING DENIED SEPTEMBER 26, 1941.

John Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Lester L. Orsborn, County Attorney, Leroy H. Johnson, County Attorney, and R. J. Swanson, Special Prosecutor, for appellee.

Robert J. Reiley, for appellant.

WENNERSTRUM, J.—The defendant was charged by a County Attorney's information with the crime of rape. This information, which was filed on May 7, 1940, states in part:

"The said Ernest Howard on or about the 26th day of April A. D., 1940, in the County of Montgomery and the State of Iowa, did rape * * *, a girl 16 years of age."

The court, upon showing by the defendant that he was without funds to employ counsel, appointed a member of the Montgomery County bar to represent the defendant. The record shows that defendant waived arraignment and entered a plea of not guilty to said information and the case was assigned for trial. The trial commenced on the 9th day of May, 1940, two days following the filing of the information. The trial was concluded about 4:00 p. m. on May 10, 1940 and shortly after midnight of that night, the jury returned a verdict finding the defendant guilty. The court fixed May 15, 1940 as the date to pronounce sentence and on that date the court sentenced the defendant to imprisonment in the State Reformatory at Anamosa, Iowa, at hard labor for a period of twenty years. On the same date the defendant perfected an appeal to the Supreme Court of the State of Iowa in the manner provided by law.

Several exceptions by the defendant as to the rulings of the trial court on the reception of evidence are noted in the abstract. These rulings have been made the basis of an appeal to this court. There was no motion for a directed verdict at the close of the State's case and no motion was filed at the close of all the evidence. There was a motion to vacate judgment and to grant a new trial, which was filed on May 15, 1940. The grounds of the motion set out were to the effect that certain new evidence had been discovered and that the verdict is contrary to the weight of the evidence. No other grounds or basis for a new trial are stated. This motion was overruled and the defendant was sentenced as previously noted. Section 14010 of the 1939 Code is as follows:

"If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the

parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it.''

The attitude of this court in connection with appeals on a record such as we have in the case before us is·reflected in the statement found in State v. Burns, 181 Iowa 1098, 1100, 165 N. W. 346, 347, where we state:

''* * *. Unless there be a showing of error committed in the making of the record prejudicial to the defendant's rights, or the whole record shows that the defendant has not had a fair and impartial trial, such as our Constitution guarantees, we do not ordinarily interfere in criminal cases.''

However, at page 1101 of the last cited case [181 Iowa 1098, 165 N. W. 346, 348] we note the following statement:

''* * *. Therefore, one called to answer as for a violation of the statute in a criminal way, is entitled to call upon the State to make proof of all facts essential to constitute the crime charged. Until the proof is forthcoming from the State to establish all the essential elements of the crime charged against the citizen, the presumption of innocence stands between him and conviction. It is fundamental that every man is presumed to be innocent, when placed on trial, until proved to be guilty. To make out his guilt by proof, the proof must affirm the existence of every element essential to constitute the crime. No verdict of a jury can stand in this court where there is absence of proof of any of the elements essential to constitute the crime against which the statute is lodged.''

One of the essential elements in connection with the crime such as the defendant is charged with is that no defendant can be convicted upon the testimony of the person injured, ''* * * unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense.'' (Section 13900, 1939 Code of Iowa.)

A brief review of the evidence in this case shows the following facts upon which corroboration is claimed as to the defendant being connected with this crime.

Prosecutrix and a girl companion left a restaurant in Villisca, Iowa sometime around 9:30 in the evening. Upon leaving the restaurant they walked north and met two young men and proceeded north to the end of the block with them. They then started in a northeasterly direction across a city park and met the defendant, Ernest Howard, near the corner as they started into the park. They crossed the park in a northeasterly direction and after reaching the northeast corner of this park proceeded one block east to a church. At this point the girl friend of the prosecutrix and the two young men, who they first met, walked south and the prosecutrix and the defendant walked northeasterly about seven or eight blocks to a swimming pool park near the outskirts of Villisca. The girl companion of the prosecutrix and a John Smith testified that they saw the prosecutrix and the defendant separate from the other people at the church corner. Smith testified that he had followed the group of young people about a half block behind them, as they walked to the church corner. He continued to follow the two boys and the girl companion of the prosecutrix. He did not follow the prosecutrix and the defendant. He also testified that at about fifteen or twenty minutes of eleven on the evening of April 26, 1940 he met Ernest Howard coming through the city park from the northeast. This city park is some eight blocks from the swimming pool park where the prosecutrix claims she was assaulted. With the exception of complaints made by the prosecutrix to her girl companion, with whom she stayed that Friday evening, to the effect that she had been assaulted by the defendant, and also statements made by the prosecutrix the following Monday afternoon to school authorities and a doctor claiming that the defendant had assaulted her, there is no corroboration other than that of the witness John Smith. Upon this whole record the court is confronted with the question as to whether or not there has been sufficient corroborative evidence to justify the sustaining of a verdict of guilty. It has been the general holding of this court that the mere fact that there is evidence

that the defendant had an opportunity to commit the offense does not meet the requirements of the statute. State v. Sells, 145 Iowa' 675, 124 N. W. 776; State v. Egbert, 125 Iowa 443, 101 N. W. 191; State v. Chapman, 88 Iowa 254, 55 N. W. 489; State v. Ashurst, 210 Iowa 719, 231 N. W. 319; State v. John, 188 Iowa 494, 176 N. W. 280; State v. Hatcher, 201 Iowa 936, 208 N. W. 307; State v. Brundidge, 204 Iowa 111, 214 N. W. 569. In the present case, however, it cannot be said that the evidence shows that the defendant was present at the place where the prosecutrix claims the assault was made except by the testimony of the prosecutrix herself.

It is contended by the State that the complaints made by the prosecutrix to her girl companion on the same evening following the claimed assault and to the school authorities and the doctor on the following Monday, constitute corroboration. As to this character of testimony we find the following statement in the case of State v. Egbert, 125 Iowa 443, 447, 101 N. W. 191, 192:

"* * *. The complaints of prosecutrix, soon after the commission of the crime, and the condition of her body and clothing, may constitute corroboration of her testimony that a crime has been committed, but they cannot possibly constitute corroborating evidence required by the statutory provision above referred to. Certainly the declarations of prosecutrix identifying the defendant as the person who committed the crime can have no greater weight than the testimony of prosecutrix under oath to the same effect; but by the statutory provision the testimony of prosecutrix alone is insufficient to justify the conviction. * * *."

To this same effect see the following cases: State v. Powers, 181 Iowa 452, 465, 164 N. W. 856, 860; State v. John, 188 Iowa 494, 500, 176 N. W. 280, 282; State v. Hatcher, 201 Iowa 936, 939, 208 N. W. 307, 308.

There may have been a crime committed by someone but we are unable to reach the conclusion that there was such corroborative evidence as would justify the affirmance of this conviction. We are of the opinion that it is our duty under the

statute to hold that there was not sufficient corroboration and that it is our duty to reverse the trial court.—Reversed.

MILLER, GARFIELD, MITCHELL, SAGER, and STIGER, JJ., concur.

HALE, C. J., and BLISS, J., dissent.